H. N. SCHUSTER v. J. B. LA LONDE ET AL.

(Case No. 4532.)

1. BOND FOR TITLE CONSTRUCTIVE NOTICE TO PURCHASER.— The registration of a bond conditioned to make title to land on payment of a certain consideration is constructive notice to a purchaser of the land under execution of the rights and equities of the obligee; and the payment of the real consideration, though greatly less than that recited in the bond, sufficed to divest the obligor (the defendant in execution) of all right to the premises.
2. OBJECTION TO JUROR TOO LATE.— It is too late, after verdict, to object that a juror was not a freeholder.

J. B. La Londe and wife, owners of property in the town of Denison on the 3d day of April, 1878, on that day made a deed absolute on its face to that property to Tobias Porter, intended as a security for the estimated amount of their indebtedness to him for goods, etc., to be received. The deed was recorded on the 27th of September, 1878. On the 16th day of May, 1878, Porter executed a bond for $4,000, payable to La Londe, conditioned to convey to him the property in the above deed mentioned. That bond was recorded on the 21st day of May, 1878. On the 26th day of June, 1879, Schuster & Co. recovered judgment against Porter for $703.05, on which exc-

cution issued on the 18th day of July following, and said property was sold by the sheriff on the 2d of September, 1879, Schuster becoming the purchaser. Porter failed to reconvey the property to La Londe, and La Londe recovered judgment against him for the same on the 24th of September, 1879, and a decree cancelling their deed to him and revesting title in them. Schuster brought this action of trespass to try title against La Londe. Verdict and judgment in favor of defendant, from which this appeal was taken.

*C. N. Buckler*, for appellant.

I. The court erred in its first charge to the jury in so far as the question as to whether plaintiff had notice that the deed from defendant and wife was to secure debt or money due from them to Porter, because there is no allegation of any such notice and no proof to support the charge.

II. There being no allegation or proof that plaintiff in error knew or had notice of the character of the deed from La Londe and wife to Porter at any time prior to the sale of the land under the execution against Porter, it was error in the court to submit that question to the jury in his said charge. The first charge of the court to which this proposition relates is as follows: " The deed of the sheriff of Grayson county, transferring the interest of Tobias Porter to plaintiff, and the deed of defendant and wife to said Porter, would invest the legal title to the land in controversy in the plaintiff, unless you believe from the evidence that the plaintiff had notice that the deed from defendant and wife, though absolute on its face, was given as security for borrowed money or debt due from La Londe to Porter. If plaintiff had such notice then he cannot recover in this case." Earl *v.* Thomas, 14 Tex., 584; Andrews *v.* Smithwick, 20 Tex., 111.

III. The verdict of the jury was contrary to the fifth charge given them by the court and contrary to law. The fifth charge of the court to which this assignment relates is as follows: " If the plaintiff, at the time of the levy of his execution from the judgment of the county court, had no notice of the claim of the defendants except the bond for title above alluded to, then he would take the legal title to the land subject to the equities in the bond which the defendants have not set up in this suit; if, therefore, you believe he had no notice as above defined, you will find for the plaintiff; but if he had such notice, you will find for the defendants."

IV. The court erred in overruling plaintiff's motion for a new trial for the reason set out in his sixth ground, to wit, because one

of the jurors who tried this case, to wit, C. J. Hinkle, was not a qualified juror, he not being a freeholder in the state of Texas nor householder in the county of Grayson, which was unknown to plaintiff until after the trial.

No briefs for appellees.

GOULD, CHIEF JUSTICE.— At the time Schuster's rights attached to the premises for which he sued, the record showed the legal title to be in Porter, the defendant in execution, but it also showed that Porter had resold said premises to La Londe, and had, by title bond, obligated himself to reconvey to La Londe on the payment of $4,000, to be paid on or before May 16, 1879, a time then passed. By the registration of this title bond, Schuster, when he purchased at the execution sale, had constructive notice of what appeared on the face of the bond, and that if La Londe had paid the $4,000, or had paid whatever was the true consideration of said bond, he was the real owner of the premises. The validity of the title bond to secure the premises to La Londe was not destroyed, nor was the effect of its registration to protect him against subsequent purchasers from Porter impaired, by reason of the fact that the true consideration was a much less sum than that recited, or was something entirely different. The evidence is that long before Schuster obtained his judgment against Porter, La Londe had paid to Porter the amount actually due the latter, and although that amount was greatly less than that recited in the bond, the payment sufficed to divest Porter of all his right in and to the premises. Schuster was certainly bound to inquire whether La Londe had paid the $4,000, or had in any way complied with his part of the contract, and such inquiry would have led to the information that La Londe's rights under the bond were complete.

It follows from these views that appellant, by reason of the registration of the title bond, had constructive notice of whatever rights and equities La Londe had thereunder; and if, as claimed by plaintiff in error, any errors were committed by the court or jury affecting only the question of notice, that these errors did not operate to his injury and can constitute no ground for reversing the judgment. The objection, after verdict, that a juror was not a freeholder, certainly comes too late.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered April 18, 1882.]