# MARCH, 1909.

### HOUSTON ELECTRIC COMPANY v. E. E. SEEGAR.

#### Decided March 1, 1909.

**1.—Measure of Damages—Personal Injuries—Past and Future Suffering—Earning Capacity—Charge.**

A charge allowing damages for mental and physical suffering and also for lost capacity to earn money is not subject to the objection that it permits a double recovery in that each element is embraced within and is inseparable from the other.

**2.—Same.**

Mental and physical suffering, past and future, in so far as reasonably probable, is an element of damage of itself, and the reasonable value of lost time or capacity to attend to one's business or domestic affairs or to earn money, past or future, is an element of damage of itself, and both of these separate elements may be considered in fixing the damages.

**3.—Jury—Selection of Jurors—Statute—Repeal—Talesmen.**

The Act of 1907, commonly known as the Jury Wheel Law, does not repeal by implication the statutory provisions relating to the summoning of the talesmen by the sheriff. Gen. Laws 1907, p. 269; Revised Statutes, art. 3219.

**4.—Same—Talesmen.**

Where it appeared that when the names of the jurymen who were to serve for the week were placed on the list there were on it the names of only eighteen that had been drawn from the wheel, and that thereupon the sheriff, under the order of the court, summoned six talesmen to fill the panel and bring it to the required number of twenty-four, from which the parties were required to make their peremptory challenges, objection that under the law no talesmen could be summoned by the sheriff, was properly overruled.

**5.—Trial—Errors in Procedure—Failure to Make Objection with Clearness.**

Fairness to the trial judge and fairness to the opposing litigant requires that no party litigant shall make a point in vague and uncertain language not apt to draw the minds of the trial court and opposing counsel to it, when, had the point been called plainly to the trial court's attention, the error would have been obviated.

**6.—Jury—Selection of Jurors.**

Where the number of jurors drawn from the wheel was eighteen, it was

error for the court to direct the talesmen to be summoned before the eighteen drawn had been passed upon by the parties, and require their names to be added to the list to be passed upon (Revised Statutes, art. 3219; Gulf, Colorado & Santa Fe Railway Company v. Greenlee, 70 Texas, 559); but, objection on that ground not being called to the attention of the court below and not comprehended by the assignment of error, the ruling is not ground for reversal.

#### 7.—Damages—Verdict.

Verdict awarding damages for personal injuries in the sum of ten thousand dollars held, under the evidence, not to be so large as to indicate that the jury were influenced by improper motives.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood,* for appellant.—The court erred in the following paragraph of its charge to the jury: "If the verdict is for the plaintiff, the jury will take into consideration the nature of her injuries, if any, and whether serious and permanent or otherwise, together with the other facts and circumstances in evidence, and the jury will assess her damages at such sum as they believe, from the evidence, will fully and adequately compensate her for such injuries, if any, as she sustained on the occasion in question, taking into consideration as elements of damage mental anguish and physical suffering resulting to her therefrom, if any, including such as will in reasonable probability result to her therefrom in the future, if any, and also the reasonable value of her lost capacity to attend to her affairs resulting therefrom down to the trial, if any, and also the reasonable value, if paid now, of her lost capacity and power to earn money and attend to her affairs in the future resulting to her therefrom, if any, and also such reasonable sums as she may necessarily have incurred liability for on account of medicine and medical attention in attempting a cure of such injuries." Railway v. McCraw, 43 Texas Civ. App., 247; Railway v. Nesbit, 40 Texas Civ. App., 209; Railway v. Anglin, 86 S. W., 785; Railway v. Hannig, 91 Texas, 347; Railway v. Brock, 88 Texas, 310; Railway v. Smith, 63 S. W., 1067; Railway v. Butcher, 98 Texas, 462.

The court erred in causing talesmen to be summoned by the sheriff to fill the panel of jurors from which the defendant was compelled to select a jury in this case, the list of jurors submitted contained seventeen names of the regular jurors selected from the wheel as provided by the Act of the Thirtieth Legislature, and six names of jurors not selected from the wheel but summoned by the sheriff at the instance of the court, and the defendant was compelled to take objectionable jurors. The Act of the Thirtieth Legislature, commonly known as the Jury-Wheel Law, was intended to provide a complete method and system for the selection of jurors in the counties embraced within the Act, and those portions of the former jury law not specifically repealed were repealed by implication.

If article 3219, Revised Statutes, was not repealed by the Jury-Wheel Law, still the court erred in summoning talesmen in the present case, because there were twenty-four names upon the list of jurors furnished the defendant herein; eighteen of these names were taken

from the regular jury which had been drawn from the wheel and summoned as required by law; prior to the time these eighteen names were drawn and furnished the defendant, the court had caused talesmen to be selected and caused their names also to be included upon the list with the eighteen jurors regularly drawn. This was a direct violation of the provisions of article 3219, under which the court is presumed to have acted in thus causing the sheriff to summon jurors to fill the panel, as the contingency specified in this Act as a requisite for summoning talesmen had not happened. Article 3219, Rev. Stats.; Daniel v. Bridges, 73 Texas, 154; Railway v. Greenlee, 70 Texas, 553; Smith v. Bates, 27 S. W., 1044; Railway v. Duvall, 35 S. W., 705.

Since the plaintiff's allegations show that she was suffering from hysteric neurasthenia, and the undisputed evidence shows that hysteric neurasthenia is a mental disorder temporary in its nature, from which the plaintiff would recover when environments are changed, therefore the verdict in this case for $10,000 is grossly excessive, and so disproportionate to the ailment alleged and proven as to lead to the inference that the jury was influenced by improper motives in arriving at its verdict. Campbell v. Cornelius, 23 S. W., 118; Railway v. Hall, 78 Texas, 659; Railway v. Bodie, 32 Texas Civ. App., 168; Railway v. Burton, 30 S. W. 491; Railway v. Syfan, 43 S. W., 551; Railway v. Douglas, 73 Texas, 333; Railway v. Robertson, 16 S. W., 1093; Railway v. McNamara, 59 Texas, 259; Railway v. Bret, 61 Texas, 485; Railway v. Morin, 66 Texas, 136.

*Ewing & Ring,* for appellee.—That mental anguish and physical suffering, past and future, in so far as reasonably probable, is an element of damage of itself, and that the reasonable value of lost time or capacity to attend to one's affairs, business or domestic, or to earn money, past and future, is an element of damage of itself, and that both of these separate elements may be considered in fixing the damages, see Railway v. Vance (Texas Civ. App.), 41 S. W. Rep., 167; Houston City St. Ry. Co. v. Reichart, 87 Texas, 539, and 8 Am. and Eng. Ency. of Law, 2d ed.), pp. 648, 651, and cases cited, compare with id., pp. 655, 660, and cases cited, and particularly Texas cases cited at p. 656, and Galveston, H. & S. A. Ry. Co. v. Paschall (Texas Civ. App.), 92 S. W. Rep., 446, error refused.

The provisions of the statutes providing for talesmen being summoned by the sheriff were not repealed by the Jury-Wheel Law, expressly or by implication. The point that the talesmen were improperly summoned is without merit, (1) because it is an afterthought, a point not made in the court below; (2) because the assignment of error does not comprehend the point; and (3) because, under the disclosures of the bill of exceptions, no prejudice could have resulted to the defendant. That the bill must be limited to the very ground of objection plainly called to the trial court's attention. See 3 Ency. Pl. and Pr., 411-414, and authorities cited, including numerous Texas cases.

That a proposition can not be considered when without the scope

of the assignment, see Sweet v. Lyon, 39 Texas Civ. App., 450, error refused; Galveston, H. & S. A. Ry. Co. v. Hubbard, 33 Texas Civ. App., 343, error refused; Weeks v. Texas Midland Railroad, 29 Texas Civ. App., 148; Kahler v. Carruthers, 18 Texas Civ. App., 216.

McMEANS, ASSOCIATE JUSTICE.—Mrs. E. E. Seegar brought this suit against the Houston Electric Company for damages for personal injuries sustained by her while a passenger upon defendant's street car, and, upon the verdict of a jury, recovered a judgment for $10,-000, from which judgment this appeal is prosecuted.

The court charged the jury on the measure of damages as follows: "If the verdict is for the plaintiff, the jury will take into consideration the nature of her injuries, if any, and whether serious and permanent or otherwise, together with the other facts and circumstances in evidence, and the jury will assess her damages at such sum as they believe from the evidence will fully and adequately compensate her for such injuries, if any, as she sustained on the occasion in question, taking into consideration as elements of damage mental anguish and physical suffering resulting to her therefrom, if any, including such as will in reasonable probability result to her therefrom in the future, if any, and also the reasonable value of her lost capacity to attend to her affairs resulting therefrom down to the trial, if any, and also the reasonable value, if paid now, of her lost capacity and power to earn money and attend to her affairs in the future resulting to her therefrom, if any, and also such reasonable sums as she may necessarily have incurred liability for on account of medicine and medical attention in attempting a cure of such injuries."

This charge is assailed by appellant's first assignment of error, the contention being that the charge allowing damages for mental and physical suffering and also for lost capacity to earn money, permitted a double recovery, in that each element is embraced within and is inseparable from the other. This contention is untenable. Mental and physical suffering, past and future, in so far as reasonably probable, is an element of damage of itself, and the reasonable value of lost time or capacity to attend to one's affairs, business or domestic, or to earn money, past or future, is an element of damage of itself, and both of these separate elements may be considered in fixing the damages. (Lyon v. Bedgood, *ante,* page 19; Railway v. McGraw, 43 Texas Civ. App., 247; Lumber Co. v. Bivens, 47 Texas Civ. App., 396; Railway v. Vance, 41 S. W., 170; 8 Am. & Eng. Ency., pp. 648, 651, 655 and 660.) The assignment is overruled.

Appellant's second assignment of error is as follows: "The court erred in causing talesmen to be summoned by the sheriff to fill the panel of jurors from which the defendant was compelled to select a jury in this case, the list of jurors submitted contained seventeen names of the regular jurors selected from the wheel as provided by the Act of the Thirtieth Legislature, and six names of jurors not selected from the wheel, but summoned by the sheriff at the instance of court; the defendant excepted to the action of the court in thus filling the panel of the jurors thus supplied, which exception was overruled by the court, and the defendant was compelled to take objection-

able jurors on account of this ruling of the court, as is fully shown by defendant's bills of exception on file herein."

The bill of exception referred to in this assignment is as follows: "Be it remembered that on the trial of this cause, on to wit, the —— day of January, 1908, and when the case was called for trial and the parties announced ready, the court caused a list of the jury from which counsel were required to strike the jury, to be selected for plaintiff and defendant of the jurymen drawn from the regular panel for the week out of the jury-wheel, as provided by the Act of the Thirtieth Legislature. There were eighteen names, the remaining six names upon said list so furnished having been summoned as talesmen by the sheriff under the direction of the court, their names not having been drawn from the jury-wheel as provided by said Act of the Legislature aforesaid. The names upon said list having been summoned by the sheriff and not drawn from the wheel being as follows, to wit: W. H. Bundy, Lewis Hager, John O'Mera, John Claudon, F. H. Fowler, Thomas Wright, A. H. Hess; thereupon the defendant in open court excepted to the action of the court in filling the panel of jurors by having them summoned by the sheriff, and not having first drawn their names from the jury-wheel, and objected and excepted to the action of the court in requiring defendant to strike the jury from this list prepared and constituted as aforesaid. The court stated that he would require defendant to proceed and allow its bill of exceptions; thereupon a jury was selected and impaneled from the list of jurors so presented, and the defendant, after otherwise exhausting his peremptory challenges, was compelled to take upon the jury four out of the list of talesmen aforesaid, to wit, John O'Mera, John Claudon, Thomas Wright, A. H. Hess, which jurors the defendant's attorney now states were objectionable to the defendant, and the defendant here now tenders its bill of exceptions stating these facts, and asks that the same be approved, which is accordingly done in open court."

With this explanation by the court: "The talesmen were summoned and selected strictly in accordance with the articles of the Revised Statutes relating to talesmen, and the court was and is of opinion that the enactment as to drawing jurors from the wheel does not apply to talesmen, (1) because there is no express repeal of the statutes relating to talesmen, and (2) because there can not be an implied repeal (a) for the reason that it would be impracticable in the dispatch of business to get talesmen from the wheel, and (b) for the further reason that the enactment contains no provision for the drawing of talesmen from the wheel."

Under this assignment appellant urges the proposition that the Act of the Thirtieth Legislature, commonly known as the Jury-Wheel Law, was intended to provide a complete method and system for the selection of jurors in the counties embraced within the Act, and those portions of the former jury law not specifically repealed were repealed by implication.

The bill of exception discloses that when the names of the jurymen who were to serve for the week were placed on the list there were on it the names of only eighteen that had been drawn from the wheel,

and that thereupon the sheriff, under the order of the court, summoned six talesmen to fill the panel and bring it to the required number of twenty-four, from which the parties were required to make their peremptory challenges. Appellant contends that no provision is contained in this law for summoning jurors by the sheriff, or for filling the panel in the method done in this case, and that it was the intention of the Legislature to do away altogether with the provision relating to talesmen and to have only those jurors serve who were drawn from the wheel.

To this we can not agree. The Act in question did not repeal the statutory provision relating to the summoning of talesmen by the sheriff, but expressly limited its repeal to specified chapters and articles of the Revised Statutes, not including those relating to the summoning of talesmen by the sheriff, and extended its operation merely to the selection of jurors for specified counties in the first instance, without any provision for the selection of talesmen by the mode which is provided, namely, drawing from a wheel. That this construction of the act is correct will be readily seen from a brief discussion of some of its sections. Section 4 provides that the drawing of the jurymen to serve for the term shall be made not less than ten days before the beginning of the term of court at which they are to serve. Section 7 provides that the names of those jurymen who do not serve as many as four days during the week for which they are selected shall be returned to the wheel, and the names of those who have served four days shall be put in a box provided for that purpose for the use of the officers whose duty it shall be to next select the jurors for the wheel. Section 8 provides that if for any reason the wheel containing the names of jurors be lost or destroyed with the contents thereof, or if all the names be drawn out, such wheel shall immediately be refurnished and cards bearing the names of jurors shall be placed therein immediately in accordance with sections 1, 2 and 3 of the Act, and the judge of the court desiring jurors for a *regular* or *special* term of his court may have same selected in accordance with chapters 2, 3 and 4 of title 62, Revised Statutes, in the event such new wheel and contents can not be furnished in time to comply with the provisions of the Act. Sections 1, 2 and 3 of the Act merely refer to the manner of selecting the jurors to serve for the next ensuing two years, the mode of placing their names in the wheel, and provides for the securing and safe-keeping of the wheel and its contents.

It is thus seen that there is but one time provided for the opening of the wheel and the drawing of the names of jurymen therefrom, which is not less than ten days before the term begins; and section 11 of the Act provides that if any person shall take from the wheel, except at the times provided for in the Act, a card or cards bearing the name or names of any person, he shall be deemed guilty of a misdemeanor and subject to a fine of not less than fifty nor more than five hundred dollars. If the construction sought to be placed upon the Act by appellant is correct, then the court might find itself confronted with the dilemma of having to select talesmen from the wheel by a drawing then made, when a drawing made at any time less than ten days before the beginning of the term is forbidden by law and a

heavy penalty prescribed for its violation. The assignment is overruled.

By its second proposition under the second assignment appellant contends that even if article 3219, Revised Statutes, providing for the summoning of talesmen, was not repealed by the Act under discussion, still the court erred in causing the talesmen to be summoned, because of the twenty-four names upon the list of jurors furnished the defendant, eighteen of these were taken from the regular jury which had been drawn from the wheel; that prior to the time these eighteen names were furnished to defendant the court had caused the names of the six talesmen to be added to the list, and that this was in violation of the provision of article 3219, as the contingency specified in the article as a requisite for summoning the talesmen had not happened.

The proposition, stripped of useless verbiage, is, that the court erred in directing the talesmen to be summoned before the eighteen jurymen drawn from the wheel had been passed upon by the parties. Article 3219 provides: "Where there are not so many names drawn from the box as twelve . . . the court shall direct the sheriff to summon such number of qualified persons as it may deem necessary to complete the panel, and the names of the persons so summoned shall be placed in the box and drawn and entered upon slips as provided in the preceding article." Construing this article, our Supreme Court, in Gulf, C. & S. F. Ry. v. Greenlee, 70 Texas, 559, held that where as many as twelve regularly drawn jurors remained it was reversible error to add the names of talesmen until the list of those regularly drawn had been reduced by challenge.

Appellee contends that the point here presented was not made in the court below and is not comprehended by the assignment of error, and in this contention we agree. The gravamen of appellant's complaint, as shown by the bill of exceptions, is that the court ordered the summoning of talesmen to fill the panel instead of causing the panel to be filled by drawing names from the wheel, and in requiring it to strike the jury from the list prepared in this way. The point now insisted on might possibly be inferred from the language employed in the bill, but that this is its true meaning can be arrived at only by inference, because there is no clear statement in the bill of the objection now urged; and the point is so veiled and obscured as to have escaped the attention of the astute trial judge as shown in his explanation of the bill of exceptions. Certainly, it can not be said that the objection was plainly called to the trial court's attention; and fairness to the judge and fairness to the opposing litigant requires that no party litigant shall make a point in vague and uncertain language, not apt to draw the minds of the trial court and opposing attorneys to it, when, had the point been called plainly to the trial court's attention, the error would have been obviated. The assignment is overruled.

Appellant's third assignment of error, which is submitted as a proposition, is as follows: "Since the plaintiff's allegations show that she was suffering from hysteric neurasthenia, and the undisputed evidence shows that hysteric neurasthenia is a mental disorder, temporary in its nature, from which the plaintiff would recover when environ-

ments are changed, therefore the verdict in this case for $10,000 is grossly excessive, and so disproportionate to the ailment alleged and proven as to lead to the inference that the jury was influenced by improper motives in arriving at its verdict."

Plaintiff alleged in her petition the following injuries, among others, had been sustained by her as the result of defendant's negligence: (1) tachycardia, a rapid or irregular action of the heart that generally deranged her nervous and physical system and, (2) impairment of her vision, with attendant complications, and (3) hysteric neurasthenia, so that in consequence of these injuries, which were alleged to be serious and permanent, she had been rendered a mental and physical wreck. Three physicians, Doctors Smith, Barrell and Mullen, the last mentioned being an oculist, testified in substance that plaintiff was afflicted with the injuries alleged, and that they were serious and permanent and had left her a physical wreck for the rest of her life, the first two explaining that, in their opinion, the injury she sustained at the base of the brain falling from the car had left there a clot of blood, which they described, that was responsible for her injuries, and which no medical skill could remedy. Dr. Barrell testified that hysteric neurasthenia might be temporary or permanent, depending on whether the cause that produced it was temporary or permanent. This was implied from the testimony of the other physicians named, and Dr. Red, the defendant's witness, testified that while he would not classify neurasthenia into permanent and temporary, because it was neurasthenia in either event, yet it was true that "it may come from a wound or injury, and as long as that cause remains, the neurasthenia will remain; neurasthenia may last for a lifetime, it is sometimes permanent." It is unnecessary to set out in full the testimony of the witnesses as to the extent and probable duration of plaintiff's injury, her physical and mental suffering and the impairment of her capacity to labor and earn money. It is sufficient to say that in view of the testimony the verdict is not so large as to indicate that the jury was actuated by prejudice, passion or other improper motive in making their award. (Brown v. Sullivan, 71 Texas, 470; Gulf, C. & S. F. Ry. v. Higby, 26 S. W., 737; Galveston, H. & S. A. Ry. v. Vollrath, 40 Texas Civ. App., 46.)

The assignments present no reversible error, and the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.