PERRY HAYS v. THE STATE.

No. 5045. Decided May 22, 1918.

Rehearing denied June 12, 1918.

**1.—Local Option—Sufficiency of the Evidence—Identification.**

Where, upon trial of a violation of the local option law, the identification of defendant was sufficiently shown and the evidence being otherwise sufficient, there was no reversible error.

**2.—Same—Motion for New Trial—Affidavit—Newly Discovered Testimony.**

Where the motion for a new trial and the affidavit attached thereto were insufficient to bring the absent testimony within the rule of newly discovered evidence, there was no error in overruling the same.

**3.—Same—Jury and Jury Law—Challenges—Rule Stated.**

The rule is that all errors with reference to impaneling the jury relied upon must be reserved by bill of exceptions at the time of impaneling the jury, and if this rule is not followed then there must be something shown in the record excusing such want of diligence on the part of the party complaining, and the mere statement connected with the ground of the motion is not sufficient. Following Hill v. State, 10 Texas Crim. App., 618. And, therefore, the complaint that the State used eleven challenges instead of ten can not be considered in the absence of a bill of exceptions.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of the violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at two years confinement in the penitentiary.

The main issue presented for revision is the want of sufficient evidence to support the finding of the jury. The case was investigated very fully so far as the facts were concerned. The basis of this contention is that there was a want of evidence to identify the defendant as the party who sold beer to the alleged purchaser. The evidence of the alleged purchaser is not satisfactory as to the identity of appellant. They were strangers, and had never met before. It is shown that

Wilder and some of his friends went into a cafe and Wilder ordered meals for himself and friends. They then went into a rear room or apartment and drank four bottles of beer, for which they paid fifty cents a bottle. Wilder was not willing to swear definitely that appellant was the man who sold him the beer. He was of the impression, however, that appellant was the man, and among other things, mentioned the fact that one of his eyes was defective. Another one of the dining party testified that appellant was the man and identified him with reasonable accuracy. Appellant denied being the selling party. Under this state of the record this court would hardly feel justified in holding that the evidence was not sufficient to identify appellant. There is evidence also by the appellant from two witnesses as well as himself to the effect that after he was indicted he went to see Wilder and the other witness at Wilder's music store. What occurred between the parties at the time was a matter of contradiction between them. This evidence was introduced by appellant for the purpose of weakening the testimony of the State's witnesses and to contradict them about matters that occurred between them at the music store and as to what was said. The jury had the right to decide this question. It was impeaching evidence introduced by the defendant.

There was a motion made for new trial to which was attached an affidavit setting up newly discovered testimony. The affidavit sets out no facts that would be admissible were he on the witness stand. It was to the effect that he had been informed and told by parties that Wilder and McBrayer, the other State's witness, and other parties whom affiant did not remember, had paid fifty dollars a piece to send some whisky peddlers to the penitentiary from Mt. Pleasant, at the January term, 1918, of the District Court; that in the Rugby neighborhood and at Umphries' residence, where McBrayer had been working, and while affiant was at the residence of Jack Winters and near his place he was informed by several men that McBrayer had told them that he was getting fifty dollars, and that Wilder and some other witness whose name he did not remember were each getting fifty dollars to send three whisky peddlers to the penitentiary from Mt. Pleasant. McBrayer did not talk to affiant at any time about these cases, or about the foregoing matter, but affiant was working in that neighborhood about the time that McBrayer was in these counties and affiant repeatedly heard the statements in substance and words as above stated. This was hearsay. No parties were named by whom these facts could be proved, and there is nothing to indicate, except hearsay, that Wilder or McBrayer had any interest in these cases, or that defendant was involved in any of them. Who the three whisky peddlers were referred to is not stated, nor the names of the witnesses. This is too indefinite for consideration, and is not brought within any rule authorizing a new trial on newly discovered testimony.

The judgment will, therefore, be affirmed.

*Affirmed.*

ON REHEARING.

June 12, 1918.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term this judgment was affirmed. In motion for rehearing appellant complains that the court did not notice one of his grounds of the motion for new trial. With reference to that ground it was alleged that the State used eleven challenges instead of ten, and that this fact was not discovered until after the case had gone to the jury. Attached to this ground of the motion is what is termed "Exhibit B," which contains three lists of jurors from which the jury was selected. These lists show that the names of eleven jurors were scratched by the State and ten by the defendant. There is no bill of exceptions reserved and no testimony introduced to verify this in any way, neither as having been the list used by the respective parties in this case or that in fact they were correct. It was simply alleged as a ground of the motion with no facts to verify and no evidence introduced in connection with the matter. We are of opinion this does not sufficiently present this matter for consideration. The usual rule is that all errors with reference to empaneling the jury relied upon must be reserved by bill of exceptions at the time of empaneling the jury, and if this rule is not followed then there must be something shown in the record excusing such want of diligence on the part of the complaining party. A mere statement connected with the ground of the motion would not be sufficient. Appellant refers to the case of Hill v. State, 10 Texas Crim. App., 618, and subsequent cases approving the decision in that case. There is no question of the correctness of that decision, but it seems to have no application to this case. Hill was on trial before a special venire for murder. Eight jurors had been selected and over objection of appellant at that stage of the trial one of the jurors was excused by the court because the juror said his family was sick. This was done over Hill's objection. We are of opinion the opinion was correctly rendered, but it has no application here. As this matter presents itself we do not think it should be considered by the court.

The motion for rehearing is overruled.

*Overruled.*