JOHN CONRAD ELG v. THE STATE.

No. 17634. Delivered June 19, 1935.

The opinion states the case.

*Cotten & Johnston,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for four years.

The store of M. E. Avant was burglariously entered on the night of the 15th of September, 1934, by prizing off the lock on the door. The safe in which he kept his money was blown open, and a quantity of money and a pocket knife taken therefrom. Witnesses who heard the explosion fixed the time at 3 a. m. Appellant and some other men were in the store about sundown of the evening prior to the burglary. They drove there in a Nash automobile which was later identified as being the property of the appellant's wife. A witness who was passing the store wrote the number of the car on a can. When it was discovered the following morning that the burglary had been committed this number was given to the officers. Apellant was arrested on the 16th of September, 1934, at the home of Roy Demming in Kilgore, Texas. Apellant and his wife lived in a house adjoining Demming's. When the officers arrested appellant they took from his possession a knife which was the same kind, character and size as that Mr. Avant had lost. They also found in his possession some dynamite caps, a fuse and two pairs of shoes. After appellant had been arrested and lodged in jail officers went to his home and arrested his wife. They searched the residence and found a tarpaulin,

a sawed-off shotgun, a pistol, dynamite caps, a fuse and electric wires. The Nash automobile belonging to appellant's wife was also at the residence. It bore the numbers the witness had given the officers. The officers found in said automobile a rubber mallet. The shoes taken from appellant corresponded with tracks found at the front and back of the burglarized building. Appellant did not testify in his own behalf. He introduced his wife who testified that she did not give the officers authority to search the private residence of herself and the appellant.

The bills of exception relating to appellant's objection to the search of his residence recite that the officers had no search warrant and made the search without the consent of either appellant or his wife. However, it is observed that the wife was arrested at the time the officers entered the residence. It is not shown in said bills that the officers were not armed with a warrant of arrest. If the arrest of appellant's wife was legal, and there is nothing shown to the contrary, the contemporaneous search of the residence was not unauthorized. Turner v. State, 45 S. W. (2d) 205. Under the circumstances, we are unable to determine whether the search was illegal.

In argument to the jury the county attorney used language as follows: "Three men, one of which was the defendant, were operating, we learned later, from Tyler as a base and comitting robberies like this."

It is shown in the bill of exception that the statement of counsel had no support in the evidence. Moreover, the statement of facts fails to reveal testimony supporting the remarks. The objection was overruled and the court refused to give appellant's written instruction to the jury to disregard said statement. In Edwards v. State, 77 S. W. (2d) 241, the district attorney in argument stated to the jury: "There is a ring of cotton thieves who have been operating in this county including the defendant, his brother, Charles Edwards, Jr., and his father, Charles Edwards, Sr."

There was no evidence in the record supporting the foregoing argument. The objection thereto was overruled. We held the matter presented reversible error. In the present case the State relied upon circumstantial evidence. Appellant received more than the minimum penalty. We are not willing to speculate as to the effect of the unsworn statement of the district attorney. It might have brought about the conviction, or have enhanced the penalty. The remarks were in the nature of testimony. Manifestly the testimony must come from the

witnesses, who, under the sanction of an oath, and the supervision of the court, relate the facts within their knowledge. Believing that the argument was obviously prejudicial, we are constrained to order a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.