## Ex parte CAESAR.

District Court, N. D. Texas, at Dallas.
May 20, 1939.

Tom B. Scott and John Jasper, both of Dallas, Tex., for application.

ATWELL, District Judge.

There is presented to the court, without having been filed with the Clerk, an unverified petition for a writ of habeas corpus, on behalf of Johnnie Caesar. The petition is signed by Tom B. Scott, and John Jasper, as attorneys for the petitioner.

It is alleged that Caesar is confined in the state penitentiary. That the date of his electrocution is tomorrow, the 21st day of May, 1939, shortly after midnight; that the offense for which he has been convicted is that of murdering a negro woman. That he is ignorant, and penniless; that he was unable to employ counsel at his trial, but that the court appointed counsel.

That Dallas County has a large negro population, many of whom are qualified to serve as jurors, but, that notwithstanding that fact, for many years, that right

has been denied. That there was no negro upon either the grand, or petit jury that acted upon his matter, and that the attorney appointed by the court to represent him "failed to demand the right of qualified negro jurors."

That question, however, was not raised in the state court, nor was it raised on the appeal from the conviction in that court.

The conviction took place approximately a year ago. This petition was presented today, May 20th, at about 12 o'clock noon, and the court gave the attorney an opportunity to be heard at 2 o'clock.

It now appears that this question was not raised, either in the state court or in the Court of Criminal Appeals of the state of Texas. No state court has had an opportunity to act upon it.

The court knows that negro jurors are used in Dallas County, insofar as the national courts are concerned, because we have names of qualified negro jurors in the jury box from which are drawn both the grand and petit jurors.

The attorney informs the court that he means by the allegation that that procedure is not followed in the state courts.

This court knows that quite recently the Court of Criminal Appeals of Texas reversed the death sentence of a colored citizen from Hill County on the ground that there were no colored jurors used in that county, Johnson v. State, Tex.Cr. App., 124 S.W.2d 1001. There is no denial of this constitutional civil right, therefore, in the state of Texas, to the colored citizen, if, and when, the question is raised. Furthermore, this petition is not verified as the decisions state it should be.

■ There is a jurisdiction in the national court, if, and when, a citizen is denied constitutional rights in a court of the state. If those constitutional questions are raised in the state court and pass through the courts without favorable action, appeal may be had to a Federal tribunal.

■ A prisoner convicted in a state court is entitled, upon the presentment of a petition for habeas corpus in a national court, to have judicial inquiry into the truth and substance of the cause of his detention.

■ The exclusion, because of their color, of negroes from serving as grand and petit jurors in the criminal prosecution of another negro denies such negro "equal protection of the laws" in violation of the Constitution.

■ Where a defendant and his attorney adopt a course of procedure, which, at the time, appears to be to the best interest of the defendant, a re-trial as if by appeal, for review by habeas corpus, may not be had in the national court.

■ Under chapter 3, Articles 602 to 624, Texas Code of Criminal Procedure, the formation of the jury in a criminal case, that is capital, would waive the non-appearance of other qualified jurors in such panel. Under the procedure, the court hears and determines any challenge to the array. If no challenge is made, selections follow from that array.

This case is somewhat similar to Carruthers v. Reed, 8 Cir., 102 F.2d 933.

The right of this court to look into what happened in the state court is fully recognized in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ Had the question been raised, and had the facts supported the question, it would have been the duty of the state trial court to have remedied the wrong by quashing the panel and ordering another with negroes for the trial. That procedure could have been followed with reference to the grand jury bringing in the bill. If the trial court was not given an opportunity to act upon such a complaint, it could have been presented upon appeal to the Court of Criminal Appeals. That court would have reversed the conviction. The choice having been made to take a chance without such criticism, a predicate is not present for the entry of this court on the very eve of the execution. See Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Craig v. Hecht, 263 U.S. 255, 44 S.Ct. 103, 68 L.Ed. 293.

The case has been permitted to rest quiescent for approximately twelve months without any effort having been made in the direction that is now being made by this unverified petition of attorneys. The state government ought not to be stayed in its orderly process, without showing this court that the state, in reality, has deprived the applicant for whom the attorneys appear, of some of his constitutional rights.

The application must be denied.