EX PARTE PETE TRAXLER.

No. 23236. Delivered October 10, 1945.

The opinion states the case.

*J. S. Bracewell* and *Fentress Bracewell,* both of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

On February 16, 1936, relator was, upon his plea of guilty, convicted in the District Court of Lipscomb County of the offense of robbery and his punishment was fixed at life imprisonment in the State penitentiary.

After having served about eight years of that term, he applied to the Judge of the Criminal District Court of Haris County

for the writ of habeas corpus, challenging the conviction as being void, and sought his outright discharge from custody.

Under the provisions of Article 119, Vernon's C.C.P. as amended by Acts of the Forty-eighth Legislature, the writ of habeas corpus was issued, the facts developed, and the writ made returnable to this Court.

On December 20, 1944, this Court, as shown by opinion found in 184 S. W. (2d) 286, sustained the contention that the conviction was void but refused the discharge and "ordered that he (relator) be delivered by the penitentiary authorities to the sheriff of Lipscomb County to answer in the District Court of such county to the indictment which was there originally returned against him, and under which his purported conviction was had."

Subsequent to the Lipscomb County conviction and at the November term, 1937, of the District Court of Walker County, appellant was indicted for the capital offense of robbery, alleged to have been committed in the county on the 8th day of July, 1937. On November 10, 1937, the venue of the Walker County case was, upon the court's own motion, transferred to the District Court of Fayette County, the order of transfer reciting—among other things—that appellant appeared in person and by counsel and that all motions, special pleas, and exceptions which had been filed and which were to be determined by the judge were overruled. The basis of the transfer was a finding that a fair and impartial trial, both to the State and the accused, could not be had in Walker County because of the wide publicity given by the newspapers to the case and because a companion case had theretofore been tried in that county and widely attended by the citizens of Walker County.

There is nothing in the record to show that the case was ever tried in Fayette County, after the transfer from Walker County. The inference to be drawn is that so long as relator was confined in the penitentiary under the life sentence from Lipscomb County, the State elected not to try the case. This inference is indulged by reason of the fact that on December 23, 1944, three days after the determination by this Court that the Lipscomb County conviction was void and before the issuance of mandate by this Court, there was issued out of the District Court of Fayette County a bench warrant commanding the sheriff of that county to take relator into custody from the penitentiary authorities and convey him to LaGrange, Texas, for trial

of his case which—as stated in the bench warrant—had been set for February 1, 1945, in that county. The bench warrant, as shown by the officer's return thereon, was duly executed on the 26th day of December, 1944.

Such was the status when, on April 23, 1945, relator presented his application for the writ of habeas corpus to the Honorable Frank Williford, Judge of the Criminal District Court of Harris County, seeking his discharge from custody of the sheriff of Fayette County. The writ of habeas corpus was issued and set for hearing on May 1, 1945. Notices of the hearing were ordered to the prosecuting attorneys of Lipscomb, Fayette, and Walker Counties.

It appears to be relator's contention that he was entitled to his outright discharge from the custody of the sheriff of Fayette County for the following reasons, viz.:

The Walker County indictment was fatally defective because of irregularities in the organization of the grand jury which returned the indictment, in that there was no minute entry in the records of that court appointing the grand jury and because the jury commissioners who selected the grand jury were appointed at three separate terms of court during the same calendar year, in violation of Article 333, C.C.P. as amended in 1943, and of Article 2104, R.C.S.

It was relator's further contention that, under the mandate of this Court, the District Court of Lipscomb County had exclusive jurisdiction over the relator and that such court, not having elected to exercise that jurisdiction or to try the relator or to take him into custody from the penitentiary authorities, authorized and warranted his discharge by the Criminal District Court of Harris County under the pending indictment against relator in Lipscomb County.

Jurisdiction in the Criminal District Court of Harris County, Texas, to determine the questions presented and to discharge relator was predicated upon the fact that said court issued the original writ of habeas corpus upon which the invalidity of the Lipscomb County conviction was determined by this Court.

Upon the hearing of the writ on May 1, 1945, and over the protest of the District Attorney of Lipscomb County, Judge Williford of the Criminal District Court found and decreed that:

(1) The attack upon the validity of the Walker County in-

dictment was for the determination of the district court of that county and, in consequence thereof, the writ was made returnable before Honorable Max Rogers, Judge of that Court, for a determination of that question.

(2) Upon determination by Judge Rogers of that question, notice thereof, and the disposition so made was to be given to the district attorney of Lipscomb County by the respondent (the sheriff of Fayette County) that he was holding relator under the mandate of this Court, "and that should said authorities of Lipscomb County not cause appropriate process to be issued and demand and receive the applicant from respondent in the City of Huntsville, in Walker County, within 15 days from the date of such notice, the applicant shall be discharged from all further restraint by virtue of the said indictment pending in Lipscomb County; subject, however, to such orders as may have been made by the District Judge in Walker County, touching detention under the indictment pending in Fayette County."

The writ, upon being transferred to the District Court of Walker County, came on to be heard on the 26th day of May, 1945, on the issue as to the alleged invalidity of the Walker County indictment, and thereafter, on the 6th day of July, 1945, judgment was entered remanding relator to the custody of the sheriff of Fayette County to answer the robbery accusation pending in that county upon change of venue from Walker County. Bail, pending trial thereof, was fixed at $2,500.00. No reference was made in the order of Judge Rogers to the Lipscomb County indictment or to the order of Judge Williford relative thereto. The appeal is from this order.

When the two orders—that by Judge Williford and that by Judge Rogers—are considered together, the practical and working effect thereof is that relator's attack upon the validity of the Walker County indictment was overruled and he was held by that court to answer thereto in Fayette County, and by Judge Williford it was ordered that unless the Lipscomb authorities should demand and receive relator from the sheriff of Fayette County within fifteen days after the notice of the entry of the order of Judge Max Rogers, relator was to be discharged from restraint by virtue of the Lipscomb County indictment.

In its final analysis, then, there are two primary questions presented for review: (1) the correctness of the holding by Judge Rogers that the attack upon the Walker County indict-

ment was without merit, and (2) the correctness of Judge Williford's contingent order relative to discharging relator from restraint under the Lipscomb County indictment.

Judge Williford's order being subject to such orders as might be made by the District Judge of Walker County, the appeal brings into review by this Court the two orders.

We discuss first the correctness of the ruling of Judge Rogers in remanding relator to the custody of the sheriff of Fayette County for trial under the Walker County indictment.

The provisions of Chapter One, Title 7, of the Code of Criminal Procedure (Articles 333, et seq.) relating to the organization of grand juries, are directory and not mandatory. Harris v State, (58 S. W. (2d) 513).

In order for an accused to avail himself of irregularities in the selection and organization of a grand jury he must (a) challenge the array of grand jurors before the grand jury is impaneled or (b) if excused from making such challenge, then to move to quash the indictment before trial. Otherwise, the irregularities are waived. Tyson v. State, 146 Tex. Cr. R. 128, 171 S. W. (2d) 496; Williams v. State, 174 S. W. (2d) 261; Winn v. State, 138 Tex. Cr. R. 202, 135 S. W. (2d) 118.

If relator has not waived his right to challenge the validity of the Walker County indictment because of the alleged irregularities in the organization of the grand jury by failing to challenge the array of grand jurors or to assert same prior to the change of venue, he may do so when the case is called for trial in Fayette County. It follows that Judge Rogers, in remanding the relator to the custody of respondent, reached a correct conclusion—which is hereby affirmed.

We pass now to a discussion of the order of Judge Williford relative to relator's discharge from restraint under the Lipscomb County indictment.

The effect of this Court's holding was that the judgment of conviction in the District Court of Lipscomb County was void. The indictment was not affected thereby. Relator was remanded to custody under that accusation.

The relief sought by relator by the writ of habeas corpus was, then, his outright discharge from custody under the Lips-

comb County indictment. Under the provisions of Article 156, C.C.P., no judge or court may order the discharge, by writ of habeas corpus, of one who stands indicted in a court of competent jurisdiction. Hernandez v. State, 4 Tex. Appeals 425; Ex Parte Bishop, 61 S. W. 308.

Under the provisions of Article 119, C.C.P., Judge Williford should have made the writ, in so far as it related to the Lipscomb County indictment, returnable to the district court of that county.

It follows that Judge Williford's order, in so far as it discharged relator under the Lipscomb County indictment, is set aside.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.