George L. KING, Appellant,

v.

Jack MOBERLEY et al., Appellees.

No. 3284.

Court of Civil Appeals of Texas.

Eastland.

April 5, 1957.

Thomas L. Blanton, Albany, for appellant.

King & Williams, Albany, C. E. Brownfield, Jr., Anson, for appellees.

COLLINGS, Justice.

George King brought this suit against Jack Moberley, Sheriff of Shackelford County, and Dave Reeves, Sheriff of Jones County. King alleged that the defendants falsely accused him of having committed felony theft, and that they without permission searched his pickup and premises for stolen property. He sought actual damages in the sum of $5,000 and an additional $5,000 exemplary damages. The case was tried before a jury and upon conclusion of the testimony defendant Jack Moberley's motion for an instructed verdict was granted. In answer to special issues bearing on the question of the liability of the defendant Dave Reeves, the jury found that the officers did not search plaintiff's premises and pickup without his permission. Judgment was rendered that the plaintiff King take nothing and he has brought this appeal.

We overrule appellant's contention that the court erred in sustaining the motion of appellee Jack Moberley for an instructed verdict. The evidence is undisputed that a warrant for the arrest of appellant George King for the offense of felony theft was duly issued by a court of competent jurisdiction in Jones County, Texas. The evidence also shows conclusively that after securing said warrant of arrest Sheriff Reeves of Jones County came to Shackelford County and informed Sheriff Moberley of that county of the charge against King and took Moberley and other officers to King's house at night where the alleged false accusations and illegal search took place. It is undisputed that the officers had in their possession a warrant for King's arrest. It is well settled that the right of search and seizure is incident to a lawful arrest, and the right of search covers and extends not only to the person of the accused, but also to the place or premises where the accused is apprehended. 38 Tex. Jur. 74, 75; Ferguson v. State, 133 Tex.Cr. R. 250, 110 S.W.2d 61; Elg v. State, 129 Tex.Cr.R. 29, 84 S.W.2d 237. Under the undisputed evidence Moberley is not liable for any search of appellant's premises and pickup. The evidence shows that Moberley went to King's door and told him that the sheriff from Anson wanted to see him. King came out of his house. The evidence viewed in its most favorable light to appellant shows that the other officers then got out of their car and with flash lights inspected and examined King's pickup and the premises around his house. After an examination of King's premises and of his pickup, including the tires and treads thereon and the wheels, to determine that the tires had not been changed, the officers did not arrest King and went away. On the following morning King went to Albany and talked to the officers about the matter, at which time Sheriff Reeves admitted to King that the charge against him had been a mistake. There is no evidence that Moberley at any time made any accusation against King. He did, as he had the right and authority to do, inform King of the charge and of the fact that Sheriff Reeves wanted to see him. The court did not err in granting Moberley's motion for an instructed verdict.

Appellant complains of the manner of selection of the jury commission which selected the panel, from which the jury was chosen. Appellant does not allege bias or prejudice on the part of any particular juror but urges that the court permitted Sheriff Moberley to suggest the names of the jury commissioners at a time when this suit was pending and that certain members

of the jury commission chosen by the court were friends of Jack Moberley and were prejudiced against appellant's attorney. The trial court qualified appellant's bill of exception stating that the sheriff's department and also the district clerk were consulted for the purpose of securing names of qualified citizens from different parts of the county from which jury commissioners were to be chosen. The qualification indicated that the trial judge was well acquainted with the citizenship of the county but discussed the matter with the officers to refresh his memory concerning the portion of the county in which the prospective jury commissioners resided. The court indicated that although such advice and information was sought the court made its own selection of the jury commissioners.

█ The complaint must be deemed a challenge to the array. Freeman v. McElroy, Tex.Civ.App., 149 S.W. 428. As a general rule the selection of jury commissioners by the district court is not subject to review and panels selected by jury commissioners are not subject to challenge. 26 Tex.Jur. 593. It is also a general rule that appellate courts will not consider objections not timely called to the attention of the trial court. 3–A Tex.Jur., Appeal and Error, par. 141. Appellant made no objection to the jury commission, the panel or the method of selecting the jury at the time of the trial on May 7, 1956. The first complaint was on June 19, 1956, about six weeks after the trial. Ordinarily, it is too late to complain of the jury panel or of errors in the selection of the jury when the complaint is first made in a motion for a new trial. 3–A Tex.Jur. 195; 3 Tex.Jur. 221; 4 Tex.Jur. 214–16; Houston Electric Co. v. Seegar, 54 Tex.Civ.App. 255, 117 S.W. 900; El Paso Electric Co. v. Whitenack, Tex.Com.App., 1 S.W.2d 594; Schuster v. La Londe, 57 Tex. 28; Rice v. Dewberry, Tex.Civ.App., 93 S.W. 715; Hays v. State, 83 Tex.Cr.R. 398, 204 S.W. 229; Ex parte Traxler, 148 Tex.Cr.R. 550, 189 S.W.2d 749. The reason for the rule is stated in 26 Tex.Jur. at page 639 as follows:

"This rule is, of course, primarily designed to prevent a party from taking his chance on a favorable verdict, and then obtaining a second trial by reason of the irregularity. However, the rule is applicable not only when the party is aware of the irregularity but also when he might have discovered it by inquiry."

In any event appellant cannot now complain because there is no showing in the record that he could not by diligence have discovered and urged the matter complained of at the time of the selection of the jury. Roy L. Jones Truck Line v. Johnson, Tex. Civ.App., 225 S.W.2d 888 (RNRE); Trinity Universal Ins. Co. v. Rose, Tex.Civ.App., 217 S.W.2d 425 (RNRE); Ex parte Caesar, D.C., 27 F.Supp. 690.

█ Appellant's fifth, sixth and seventh points complain of the action of the court in permitting Dave Reeves and Jack Moberley to testify, and in refusing to instruct the jury not to consider their testimony, concerning King's reputation for honesty and integrity in Jones and Shackelford Counties. Appellant urges that Moberley's testimony concerning his reputation in Shackelford County was inadmissible because the only persons he had heard discuss such reputation were two of his deputy sheriffs. He urges that Reeves' testimony as to his reputation in Jones County was not admissible because King had never lived in Jones County, and Reeves had heard only two persons discuss such reputation. Shackelford and Jones Counties are adjoining counties. The objections urged by appellant go to the weight of the testimony and not to its admissibility. The points are overruled.

█ We also overrule appellant's points complaining of the action of the court in excluding testimony concerning numerous legal and sizeable purchases of abandoned oil field equipment. Appellant urges that this testimony was material in that it was in rebuttal to the testimony of Sheriffs Moberley and Reeves that appel-

lant's reputation for honesty and integrity was bad. Contrary to appellant's contention, evidence of specific acts and isolated transactions are not admissible to prove general reputation, although a wider latitude is sometimes permitted upon cross-examination. 17 Tex.Jur. 432, 433; 20 Am. Jur. 306.

In points 2, 3 and 4 appellant complains of the manner in which the court submitted to the jury the controlling fact issue involved in this case. A special issue submitted to the jury and designated as question No. 1 was as follows:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question that the officers, Reeves, Moberley and Sprayberry, searched the premises and the pickup of the plaintiff without plaintiff's permission? Answer Yes or No ——."

This issue was answered "No" by the jury and based upon such answer judgment was rendered against appellant. Appellant contends that the above special issue was improper in that it did not present any fact issue raised by the pleadings and evidence, and that the manner in which said issue was worded was not fair and just. Appellant tendered to the court a requested special issue which was as follows:

"Do you find from a preponderance of the evidence that at 1:20 o'clock, a. m. on Sunday, May 22, 1955, that officers, Reeves, Moberley and Sprayberry, armed with pistols came to the home of plaintiff and *search* plaintiff's pickup and premises without a search warrant?"

■ The issue requested by appellant was not a proper issue. It did not submit the controlling fact issue raised by the evidence. It inquired about a search without a search warrant when the evidence is undisputed that the officers did not have a search warrant. The disputed question under the pleadings and the evidence was whether King gave permission for the search. This question was presented to the jury in special issue number one of the court's charge. In our opinion special issue number one of the court's charge is not subject to the objections and complaints urged by appellant. The court properly refused to submit the special issue requested by appellant. Points 2, 3 and 4 are overruled.

■ In appellant's 17th and 21st points it is contended that the court erred in permitting appellee Reeves' attorney to ask questions concerning the breaking up of appellant's daughter's marriage. Appellant urges that the domestic trouble of his daughter was in no way related to any material issue in this case. These points are not well taken. The testimony concerning appellant's daughter's marital difficulty was material on the question of the cause of the upset condition of appellant's wife. Appellant had introduced evidence to the effect that his wife was greatly upset because of the alleged false accusation and unlawful search, which upset, he contends, existed until the time of the trial, and sought damages therefor. Appellee introduced evidence to the effect that the daughter's home was broken by divorce about seven months after the alleged search, but some six months before the date of the trial, and contends that the evidence was admissible on the question of whether the humiliation, embarrassment and upset condition claimed on behalf of appellant's wife or at least a portion thereof, was or was not caused by the alleged accusation and illegal search. The evidence was material for the purposes indicated and was admissible. The court did not err in overruling appellant's objection thereto.

■ It is contended in appellant's 8th and 23rd points that the court erred in refusing to grant his motion to take as confessed certain requests for admission made to Sheriff Reeves. The record shows that appellant made a large number of requests for admission. Appellee Reeves answered certain of the questions or requests for ad-

mission and refrained from answering others. At the trial appellant made a motion that the unanswered questions be taken as confessed. The motion was granted as to certain of the unanswered requests for admission, and the court sustained appellee Reeves' objections to the remaining unanswered questions. Reeves testified as a witness at the trial. On cross-examination appellant's attorney questioned him at length concerning the matters involved in the unanswered requests. An examination of the requests for admission and the evidence reveals that Reeves in his testimony admitted substantially every material fact sought to be elicited by the requests for admission. It is our opinion, under these circumstances that no injury to appellant is shown and the matter complained of does not present reversible error.

We have examined the record and all points presented and find no error requiring a reversal. The judgment of the trial court is affirmed.