Missouri, Kansas & Texas Railway Company v. W. C. Wright.

Delivered April 9, 1898.

1. **Continuances—Cumulative Testimony.**

In an action for personal injuries a continuance on account of the absence of a witness who is a physician is properly refused where it appears that his testimony would be merely cumulative of that of several others who were present and testified.

2. **Evidence—Opinion.**

The testimony of a physician that one injured in a railroad collision was confined to his bed and could not walk without a crutch or help of some kind, is purely a statement of fact, and not objectionable as an expression of opinion.

3. **Same—Expert Testimony—Feigning Injury.**

A physician may testify that one who claims to have received an injury to the spine in a railroad collision could not have feigned his manner, movements, and actions; nor have undergone the examination made without chloroform, since such matters are clearly within the domain of expert medical testimony.

4. **Same—Personal Injury.**

Evidence that persons other than the plaintiff, including the engineer of the train, were injured in a railroad wreck, is admissible in an action for personal injuries, and the proof should not be confined to those persons in the same coach with plaintiff, although that did not leave the track, where he complained of spinal injury caused by a severe shock.

5. **Same—Irrelevant Evidence Held Harmless.**

In an action to recover for personal injuries sustained in a railroad collision, testimony elicited on cross-examination from the defendant's witnesses, that they had testified in suits brought to recover damages for the death of the engineer who was killed in the wreck, where such fact had no bearing on the contested issues of fact, is not reversible error.

6. **Charge of Court—Burden of Proof.**

An instruction in an action to recover damages for injuries sustained in a railroad collision, that if the jury believe the plaintiff did not receive the injuries complained of while being transported on the defendant's car, or that they are fictitious and simulated, they should find for the defendant, can not be complained of as placing the burden of proof upon the defendant, especially where a following instruction charged them that the burden of proof was upon the plaintiff.

7. **New Trial—Insufficient Ground.**

A new trial will not be granted on the ground of newly discovered evidence to the effect that the plaintiff stated to a witness on the evening of the accident that he was not injured in the railroad wreck, where it is alleged that he sustained spinal injury and did not realize that he was hurt until the next day.

Appeal from Ellis.   Tried below before Hon. J. E. Dillard.

*T. S. Miller* and *G. C. Groce*, for appellant.

*A. A. Kemble & Son* and *Wm. H. Allen*, for appellee.

FINLEY, Chief Justice.—This is a suit for damages on account of personal injuries alleged to have been sustained by appellee, while a passenger upon appellants' road, in a derailment and wreck of its train of cars upon which he was traveling, caused by the negligence of appellant. The answer was by general demurrer and general denial. A trial was had July 7, 1897, and resulted in a verdict and judgment for appellee in the sum of $5000, from which this appeal is prosecuted by the defendant railroad company.

*Conclusions of Fact.*—1. It is unquestioned that appellee was a passenger upon appellant's train of cars, and that the train was derailed and wrecked through the negligence of the defendant company.

2. The only contested issues of fact are these: Was the appellee injured in said wreck; and the extent of such injury? The evidence was conflicting upon the point whether appellee received any injuries at all in the wreck. His own testimony showed that he was seriously injured in said wreck, and his evidence was strongly supported by the testimony of several doctors and other witnesses. There were several doctors whose testimony tended strongly to show that appellee was not injured at all in the wreck. It was the province of the jury to settle this conflict, and we can not disturb their finding upon the issue. In support of the verdict, we conclude that appellee was injured in the wreck. There is no special question made as to the extent of his injuries. The evidence justified the jury in finding that appellee's injuries were serious and permanent in their character, and we so conclude, and find that appellee was injured to the extent of the damages awarded.

*Opinion.*—Appellant's first complaint is directed at the action of the court in overruling its application for a continuance. The application was based upon the absence of the witness Dr. H. M. Mathews. It set forth that it was desired to be shown by the witness that he went to the wreck to give medical aid and attention, and that he was not called on while there to give attention to appellee, and his attention was not directed to him in any way as one of the injured. And further, that he examined appellee on the next day after the wreck, while at home in his bed, and that he found no objective signs of any injuries sustained by him.

The record shows that this suit was filed November 8, 1895, and it shows that at the December term, 1896, the cause was continued by the defendant on account of the absence of the witness Dr. Simpson. The application does not disclose the number of the application, and the record is silent as to the disposition of the cause at the various other terms after the filing of the suit and before its final trial in July, 1897. In this condition of the record we must regard the application as one addressed to the discretion of the court, and an abuse of this discretion must be made to appear in the action of the court to constitute error. Arnold v. Hackney, 51 Texas, 46; Railway v. Hall, 83 Texas, 679.

So far as the question of diligence be concerned, we think the application was sufficient. The witness was shown to have been subpoenaed and to have previously rendered obedience to that process, and it was not necessary to show that witness fees had been paid or tendered to him. Let us examine the matters to which the witness was expected to testify with the view of determining whether the court abused its discretion: As to the fact that the witness was at the place of the wreck to give medical aid to the injured, and that appellee did not apply for such aid and was not called to witness' attention as one of the injured, the evidence in the case shows that this testimony would have been utterly immaterial and without effect upon the trial. The plaintiff himself testified that his injury did not manifest itself until the next day, and that he did not receive or call for a doctor's attention until the day after the wreck. There was no evidence to a different effect on this point. The fact that the witness examined appellee the next day and found no objective signs of injury, is urged as being of material importance.

The injury complained of, it is contended by appellee, and shown by his witnesses, resulted from a shock. It is not contended that there were any bruises, lacerations, or other outward visible indications of the injury to the spine, immediately following the infliction of the injury. It is not made to appear that an examination had on the day after the injury was more likely to develop the true condition of appellee, with reference to the injuries complained of, than examinations conducted at later dates. So far as the record enlightens us, an examination conducted on the day after the wreck would throw no more light upon the issue of injury vel non, than the examinations which were subsequently conducted. There were seven doctors who testified in the case upon this issue, and four of them were appellant's witnesses. Two of them, Drs. Sweat and Allen, examined appellee with Dr. Mathews, within two weeks from the time of the alleged injury, and appellant introduced their testimony before the jury. So far as we can see, Dr. Mathews' testimony would have been no stronger or clearer than that of the other doctors. It would have been merely cumulative, and it is not probable that the result of the trial would have been changed by it. We can not say that the discretion of the trial court was abused; on the contrary, we think the court properly overruled the application for a continuance of the cause.

The appellant's counsel upon the trial objected to the testimony of Dr. Dumas, to the effect that plaintiff "was confined to his bed and unable to walk without the aid of a stick or crutch or help of some kind." And after stating that his diagnosis of plaintiff's condition was based in part on his manner, movements, and actions, the witness added, "which I think he could not very well have feigned." And also, after testifying as to the manner of his examination of plaintiff, after the administration of chloroform, the witness stated, "he could not have stood it without it," meaning the chloroform. The objection urged to these statements of

the witness are that the witness was not the regular attending physician treating the plaintiff, but was only called in after the institution of the suit, with the view of obtaining his testimony in the case, and the matters testified to were all matters of opinion upon issues which were purely for the determination of the jury, and if admissible at all, they were only so after the facts upon which such opinions were based had been disclosed, which in this instance had not been done. As to the first statement, that plaintiff was confined to his bed and could not walk without aid, that was purely a statement of fact, relating to the physical condition of the plaintiff at the time of the examination. The defendant had the privilege of cross-examining the witness as to how he knew the fact, and also of offering controverting evidence on the point. The evidence was not subject to the objection presented. As to the other two statements, that the plaintiff could not have feigned his manner, movements, and actions, and that he could not have undergone the examination without taking chloroform, these were matters clearly within the domain of expert medical testimony, and the court did not err in admitting the evidence.

Proof was permitted, over the objection that it was irrelevant and prejudicial, that persons other than appellee were injured in the derailment and wreck, including the death of the engineer, Murphy. Appellant's contention is, that as appellee was upon the rear coach, which did not leave the track and was not overturned, that evidence as to the injury of other persons should be confined to the particular coach in which appellee was riding. We do not think this proposition sound. Appellant's general denial put upon appellee the burden of proving the derailment of the train and his injuries. His injuries were claimed to have been produced by a severe shock, and it was pertinent to show the character and consequences of the wreck, in a general way, as tending to throw light upon the truth of his contention that he was injured by a shock, in a car which did not leave the track. We know of no rule of evidence which would justify such a limitation and confinement of the proof.

Witnesses Gazier, Sanders, Bryant, and Metcalf, who testified by deposition for defendant, upon cross-examination, were permitted to testify over defendant's objection, that the engineer Murphy was killed in the wreck, and that they had testified in the case of Murphy against this defendant in the District Court of Grayson County, growing out of this wreck.

As to the fact of the killing of the engineer, the evidence was unobjectionable. As to the simple fact that they had previously testified in the Murphy suit against the company, it had no relevancy and was improper. We can not see, however, any way in which it could have injured appellant in this case. As before stated, the only really contested issues were the fact of appellee's injuries and their extent. The fact that these witnesses testified in the Murphy suit had no bearing upon either of these points and could not have influenced the conclusion of any reason-

able mind upon them. In the light of the facts of the case, the admission of this evidence was purely technical error, without possible harmful results, and should not cause a reversal of the judgment.

The thirteenth paragraph of the court's charge is complained of as placing the burden of proof upon the defendant. This paragraph of the charge is as follows: "The jury are instructed, if they believe from a preponderance of the evidence that the plaintiff did not receive any of the injuries to his person while being transported upon the defendant's car, complained of in his petition, or that the injuries complained of are fictitious and simulated, they should find for the defendant."

This charge, it will be seen, does not purport to place the burden of proof. If it stood alone, its form might cause the jury to be misled upon that point; but when taken in connection with paragraphs 10 and 15, we see no occasion for confusion or doubt by the jury upon the subject of the burden of proof. Sections 10 and 15 of the charges read:

"Tenth. The jury are instructed, in connection with the preceding general charge, if they believe from a preponderance of the evidence that on or about the third day of November, 1895, plaintiff was received on board defendant's car at Waxahachie, to be transported as a passenger to the city of Dallas, Texas, and that while being carried on defendant's car he received some one or all of the injuries to his person described in his petition, then it would be the duty of the jury to find a verdict for the plaintiff."

"Fifteenth. The jury are instructed that the burden of proof rests upon the plaintiff to show by a preponderance of the evidence that he received the injuries to his person complained of, and that said injuries were caused by the negligence of defendant's agents, servants, or employes, and if he has failed to establish either or both of these propositions, then your verdict should be for the defendant."

The charge must be considered as a whole, and when taken as such, if it is not misleading, isolated portions which would be error standing as independent propositions will not be treated as reversible error. Moore v. Moore, 73 Texas, 382.

The last assignment presented complains that the court should have granted a new trial upon the ground of newly discovered evidence. This evidence was to the effect that appellee on the very evening of the accident stated to one J. A. Rogers, in substance, that he was not injured in the wreck.

This evidence was of such a character that it would not probably have changed the result. Appellee does not claim to have realized that he was hurt until the next day after the accident, and it would not be inconsistent with this evidence to show that he made such statement on the day of the accident.

We find no reversible error in the proceedings below, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.