MISSOURI–KANSAS–TEXAS RAILROAD
COMPANY OF TEXAS, Appellant,

v.

Homer CROUCH, Appellee.

No. 15551.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 19, 1954.

Rehearing Denied Dec. 17, 1954.

Fred L. Wallace, Fort Worth, for appellant.

Martin & Moore and Elvin E. Tackett, Fort Worth, for appellee.

BOYD, Justice.

Appellee Homer Crouch filed this suit against appellant Missouri-Kansas-Texas Railroad Company of Texas for damages for the loss by fire of hay, a barn, and a tractor, which fire he alleged was caused by the negligence of appellant's employees.

Upon a jury verdict, judgment was rendered for appellee for $12,999.

The farm on which the destroyed property was situated was bisected by appellant's railroad; about 11:30 A.M. on November 6, 1951, appellant's employees built a fire on its right of way some 630 feet from appellee's hay, barn, and tractor. Appellee alleged that they maintained the fire throughout the day; that sparks, burning embers, and objects from the fire were blown by the wind to his property and set it on fire; that his property burned between 3:00 P.M. and 4:00 P.M. on November 6; that appellant's employees were negligent in starting and maintaining the fire on the right of way under the prevailing circumstances; in not watching the fire; in not taking steps to prevent sparks, burning embers, and objects from the fire from going on to his premises; in not keeping the fire enclosed; in failing to extinguish the fire; and that such negligence proximately caused his damages.

When the evidence was completed, appellant moved for an instructed verdict, which was denied; and after a verdict was returned, it moved for judgment non obstante veredicto, which was also denied. The jury found that: sparks or other burning substances emanated from the fire on the right of way; the fire which damaged appellee was caused by a spark or other burning substance which emanated from the fire on the right of way; appellant's employees were negligent in starting the fire on the right of way, and such negligence was a proximate cause of appellee's damages; the failure of such employees to take steps to prevent sparks or other burning substances from going on appellee's premises was negligence, and a proximate cause; the failure of said employees to extinguish the fire on the right of way was negligence, and a proximate cause; the reasonable cash market value of the tractor before the fire was $1,665, and after the fire it was $166; the barn was worth $3,600 before the fire (alleged by appellee to be $2,000) and nothing after; the value of the hay which was

destroyed was $9,500; and appellee and his employees were not guilty of contributory negligence.

Appellant's first five points for reversal involve the contention that there was no evidence, and the evidence was insufficient, to support the findings that appellee's loss was caused by negligent acts or other acts of appellant's employees, the principal argument being that the evidence does not support the finding that the fire which damaged appellee originated from the fire on the right of way.

About 11:30 A.M. on November 6, 1951, appellant's employees built a fire on the right of way at a point a little south of west from appellee's barn and hay; kindling picked up around a bridge appellant was constructing, pieces of bridge ties, and slivers off of pine ties were used in building the fire; there was no screen or other shield around the fire; appellant's employees admitted that a few pieces were burning and smoldering in the fire when they left that vicinity about 1:00 P.M.; that nothing was done to quench the fire, and it was left unattended. The fire was west of the track, where the surface of the ground was some three feet lower than the track, and was south of a pile of bridge timber. It was about 630 feet from appellee's barn.

Appellee's hay was stacked under the barn and outside and about fourteen feet south of the barn. The tractor was under the east end of the barn, within three or four feet of stacked hay. Appellee's witnesses testified that when the fire at the barn was discovered, most of the fire was at the west end of the open stack of hay, but the hay under the barn was also burning, except at the northwest corner. The fire was so hot they could not remove the tractor from the east end of the barn. They testified that the wind was blowing from the direction of the fire on the right of way toward the barn; that they could see the fire on the right of way, and could see it after appellee's property was destroyed.

Appellee was not on this farm when the fire was discovered. The wife of one of his employees, who was in her home some 135 yards southeast from the fire, was told by a little boy that something was burning, and she went to a dairy barn on the premises, about 150 feet southwest of the hay barn, and told her husband and another employee about the fire. The employees were milking cows in the dairy barn. No witness testified to seeing any sparks or other burning substances going from the right of way toward appellee's hay and barn. Appellee's employees testified that the tractor had been used that morning, but not later than 9:15, at which time it was driven under the east end of the barn. One of the employees smoked cigarettes, but he testified that he never smoked near the hay or barn.

Evidence was admitted relative to another fire built by appellant's employees on the right of way on December 10, 1951, at approximately the same location as the fire on November 6. Witnesses said that it was about the same size fire; that the wind was blowing from the same direction as on November 6, but was "weaker;" one witness saw "substance flying in the air from this fire," which substance "hit the ground around the barns and around where the hay barn burned;" another witness saw "burnt particles blowing through the air;" he could see the particles settling and alighting "all the way across to the west end where the hay barn used to be" and "where the hay barn had been;" he testified that there was very little wind blowing that day, and that it was blowing from the west; another witness said that on December 10 "the embers were coming across and landing all around where the old barn had burned," and that the ignited particles "were going directly up about thirty or thirty-five feet in the air, would just whirl up like the smoke from a cigarette, and then when they would get so high, they would start moving, and they went in one direction and that was to it, and they spread out all over the place."

In order to establish a fact by circumstantial evidence, the evidence must have sufficient probative force to constitute

the basis of a legal inference. Baylor University v. Chester Sav. Bank, Tex.Civ.App., 82 S.W.2d 738. It is not sufficient if the evidence permits of merely speculative conclusions. Baker v. Loftin, Tex.Com.App., 222 S.W. 195; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. Although in this case it was necessary for appellee to trace the fire which damaged him to the fire on appellant's right of way, it was not necessary for the evidence to exclude all possibility of another origin. It is sufficient if the facts and circumstances fairly warrant the conclusion that the fire did not originate from some other source. Texas & P. R. Co. v. Brandon, Tex.Civ.App., 183 S.W.2d 212, error refused; Moose v. Missouri, K. & T. R. Co. of Texas, Tex.Com.App., 212 S.W. 645.

■ Facts are said to have been proved by circumstances when the evidence satisfies reasonable minds of their existence. International & G. N. R. Co. v. Timmermann, 61 Tex. 660. "The circumstances which amount to sufficient proof of a disputed fact can never be matter of general definition; and the only legal test of which they are susceptible is their sufficiency to satisfy the mind and conscience of the jury." 17 Tex.Jur., p. 908, sec. 409.

■■ After carefully considering all the evidence in the case, we have reached the conclusion that the circumstances permit more than merely speculative conclusions, and are sufficient to constitute the "basis of a legal inference" that the fire which damaged appellee originated from the fire on appellant's premises, and that they fairly warrant the conclusion that the fire did not originate from some other source. That this court, had it been the trier of the facts, might not have, from a preponderance of the evidence, reached the same conclusion as the jury, is altogether immaterial. Believing that the jury was justified by the evidence in drawing the inference that it drew, we cannot say that the verdict is so manifestly against the weight and preponderance of the evidence that it ought to be set aside.

Point six is that it was error to submit the issue as to whether the fire which damaged appellee was caused by a spark or other burning substance, if any, which emanated from the fire on appellant's right of way, because it required the jury to arrive at an answer thereto by basing one presumption upon another. We think this point actually involves only the proposition that the evidence does not support the finding, and is disposed of in our disposition of the first five points.

■ Point seven is that it was error for the court to ask the jury whether the failure of appellant's employees to extinguish the fire they had built on the right of way was negligence, because the issue assumed that the employees failed to extinguish the fire and was on the weight of the evidence. This point is overruled since the employees admitted that they did nothing to extinguish the fire.

■ Point eight is that it was error to admit the evidence as to the fire on the right of way on December 10. It is true that evidence of similar facts, conditions, or occurrences is inadmissible when not pertinent to the issues of a case. 32 C.J.S., Evidence, § 583, p. 438. But we think evidence that certain events happened at other times is generally admissible to prove that a similar event could have happened. "Testimony of the occurrence of other accidents at the same place, or through the use of the same instrumentality and under similar circumstances, is admissible to show the condition of the place or instrumentality in question, and that the defendant had notice of the danger, and in some cases in rebuttal of evidence introduced by the defendant." 17 Tex.Jur., p. 394, sec. 137. See also Dillingham v. Whitaker, Tex.Civ.App., 25 S.W. 723; Texas & N. O. R. Co. v. Glass, Tex.Civ.App., 107 S.W.2d 924; Texas & P. R. Co. v. Brandon, Tex.Civ.App., 183 S.W.2d 212, error refused; Wilson v. Pecos & N. T. R. Co., 23 Tex.Civ.App. 706, 58 S.W. 183; 19 Tex.Jur., p. 680, sec. 22. Appellant introduced testimony in an effort to prove that on the day of the dis-

astrous fire the direction of the wind was such that it would not carry sparks or other burning substances from the right of way fire toward appellee's hay and barn. There was evidence that at the time of the fire on December 10 the wind was from the same direction as it was at the time of the fire on November 6, although not so strong. Even if the evidence relative to the fire on December 10 was not originally admissible, we think it was admissible in rebuttal of testimony introduced by appellant.

■ The ninth point is that it was error to refuse appellant's requested issue, as follows: "Do you find from a preponderance of the evidence that the origin of the fire which destroyed the hay and hay barn of the plaintiff, Homer Crouch, was unknown?" It is difficult to appraise this point; but we think the origin of the fire could be unknown to every witness in the case and not be unknown to the jury. Had any witness known what caused the fire, he could have said so and removed the case from the field of circumstantial evidence. It is true that every witness who · was present during the fire testified that he did not know what caused it. But there was a fire from some cause; and the court asked the jury in effect if it originated from the fire on the right of way, through negligence of appellant's employees, and the jury in effect answered "yes." If the evidence supports that answer, the origin of the fire was not unknown to the jury, and that is all that matters. Of course, appellee was trying to convince the jury, not the witnesses. We think the issue was not an ultimate one.

■ By the tenth point appellant urges that it was error to submit an issue as to whether sparks or other burning substances emanated from the right of way fire "between the time the fire was built" and "the time that the plaintiff's hay, barn and tractor caught on fire," because it says the issue was a general question not limited by the special allegations of negligence set out in appellee's petition. We cannot see that the issue was harmful. The answer would be meaningless if there was no connection between the emanation of sparks or other burning substances, at whatever time they emanated, and the fire which damaged appellee; but after finding that sparks or other burning substances emanated from the right of way fire between the time it was. built and the time when appellee's property caught fire, the jury found that appellee's loss was caused by a spark or other burning substance which emanated from the right of way fire. The issue was not a global submission such as was disapproved in Roosth & Genecov Production Co., Inc., v. White, Tex., 262 S.W.2d 99, and other cases. We think error is not here reflected.

■ Point eleven is that it was error to submit the issue as to whether the failure, if any, of appellant's employees to take steps to prevent sparks, if any, or other burning substances, if any, from the right of way fire from going on the premises of appellee, if they did, was negligence, for it assumed that the employees failed to take such steps, and was on the weight of the evidence. The section foreman in charge of appellant's employees testified that no screen or shield was put around the fire; that nothing was done to keep the sparks from going out; that no one poured water on the fire when they left; that nothing was done to quench the fire; that the fire was left unattended. This testimony was corroborated but not disputed. Moreover, appellant's ground of objection to the issue because of its assumption of a disputed fact relates only, we think, to the issue as to whether a fire was built on the right of way, and not to an assumption that the employees failed to take steps to prevent sparks or other burning substances from going on appellee's premises. That part of the objection is, "And said issue also assumes an issue, under a general denial, that such fire was built on the right-of-way of the defendant, and therefore assumes a question of fact to be determined by the jury." The point is overruled.

We have carefully considered all of appellant's contentions in the light of its able brief and oral argument, but fail to perceive reversible error. The judgment is affirmed.