**John P. MARANGE et ux., Appellants,**

v.

**LEW WILLIAMS CHEVROLET, INC.,**
**Appellee.**

**No. 14144.**

Court of Civil Appeals of Texas.
San Antonio.
Oct. 16, 1963.

Edwards, Yturri & De Anda, Corpus Christi, for appellant.

Lewright, Dyer & Edwards, J. M. Burnett, Corpus Christi, for appellee.

BARROW, Justice.

This is an appeal by John P. Marange and wife, Pauline Marange, from a judgment rendered in their suit to recover damages for personal injuries sustained by Mrs. Marange in a rear-end collision. The jury answered all liability issues favorably to plaintiffs and found damages in the sum of $3,250.00. Plaintiffs say that this sum is inadequate and have perfected this appeal.

Plaintiffs assert that the inadequate damages are the probable result of errors of the trial court in the admission and exclusion of evidence and by the submission of defensive issues in the court's charge. They also assert that the amount of damages found by the jury is manifestly too small and unjust and against the overwhelming weight and great preponderance of the evidence.

The accident occurred at a multiple street intersection in Corpus Christi on July 31, 1961, when a pick-up truck, operated by an agent of defendant, Lew Williams Chevrolet, Inc., ran into the rear of the car driven by Mr. Marange and occupied by Mrs. Marange as a passenger. It is undisputed that the accident was very minor from the standpoint of property damage, as virtually no damage was done to either vehicle. Mrs. Marange was sitting sidewise on the seat and was thrown forward in such manner that her chin and right arm were bruised. Plaintiffs asserted that her in-

juries caused Mrs. Marange much physical pain and also alleged that fear as to her future, caused her to suffer extreme mental anguish. Plaintiffs alleged that Mrs. Marange had suffered other injuries prior to this accident, but that she had fully recovered and was able to maintain steady employment prior to July 31, 1961. They sought damages in the amount of $75,000.00.

The most contested issues in the trial related to the question of injuries to Mrs. Marange. The evidence commenced on October 2, 1962, and was not completed until October 9, 1962. Five doctors testified and their testimony covers over half of the 628-page statement of facts. Their testimony is sharply conflicting. There is medical evidence fully supporting plaintiffs' contention that Mrs. Marange sustained a ruptured cervical disc which will require surgery to correct, and has resulted in severe physical pain, and caused her considerable anxiety and depression. It was the contention of defendant, which is also supported by medical evidence, that Mrs. Marange's injuries were the result of a 1958 rear-end collision, and that her mental anguish was caused by her own emotional unstability.

Plaintiffs complain first of the trial court's refusal to admit evidence that two or three days after the accident, Mr. Marange developed pain in his lower back which required treatment by a doctor. Mr. Marange did not assert a claim for personal injuries, but urges that this evidence was admissible (1) for all purposes; (2) for the specific purpose of showing force of the impact; (3) for showing that the impact was of sufficient force to do harm to the human body; and (4) to impeach the testimony of defendant's driver that Mr. Marange had stated at the scene, that neither he nor his wife was hurt.

Plaintiffs cited three cases involving train accidents in which the courts held admissible the evidence of injury or noninjury of other persons on the train. In Levy v. Campbell, Tex.Sup., 19 S.W. 438, rev.

Tex.Sup., 20 S.W. 196, the conductor who was seated in the same car and near plaintiff, and who fell in the same way as plaintiff, was properly permitted to testify that he was not injured and that all the shock was at the opposite end of the car. In Missouri, K. & T. Ry. v. Wright, 19 Tex.Civ. App. 47, 47 S.W. 56, and Lamar v. Panhandle, S. F. Ry., Tex.Com.App., 248 S.W. 34, it was held that evidence that another person was killed was admissible because it showed a violent impact, contrary to the contention of the railroad. Plaintiffs also cite the rule in blasting cases as illustrated by Weaver v. Benson, 152 Tex. 50, 254 S. W.2d 95, that force of the blast may be shown by what happened to nearby persons or structures.

■■ Here all parties testified fully to the physical facts which showed the force of the impact. It was undisputed that Mr. Marange told the driver of the truck, after the accident, that he was not hurt. It is seen that Mr. and Mrs. Marange were sitting in different positions in their car. Mrs. Marange was sitting sidewise in the seat and was thrown into the dashboard. Mr. Marange testified without objection that his back hurt a day or so after the accident. We do not believe that the further testimony as to his physical condition and diagnosis by the doctor of a sprained sacroiliac muscle would have shed any light on whether or not Mrs. Marange's neck was seriously injured. The trial court did not abuse its discretion in refusing to admit this collateral evidence. Texas Employers Ins. Ass'n v. Scott, Tex.Civ.App., 233 S.W.2d 171. In any event in view of the determination by the jury that Mrs. Marange was injured, plaintiffs were not harmed by the exclusion of this evidence.

■ In their second point, plaintiffs complain of the introduction of evidence that Mrs. Marange had settled her claim growing out of the 1958 accident for approximately $3,500.00. Plaintiffs very carefully filed a motion in limine before the evidence commenced to prohibit defendant

from referring to any prior claims, settlements or payments. This motion was overruled by the trial court. Both Mr. and Mrs. Marange were interrogated, over their objection, in regard to this settlement. The exact figure was never confirmed, although it was suggested by defendant, and Mrs. Marange admitted that $3,538.00 sounded about right. She indicated that sum was inadequate as she didn't get much after paying her medical bills.

The admission of this testimony was error. The Supreme Court in St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744, said: "The action of the court in excluding evidence of the sums of money obtained by Murphree in settlement of other claims was proper. The amount paid in settlement of a compensation claim cannot amount to proof of the extent of injury. The amount agreed upon in settlement, therefore, can have no bearing on the actual extent of the injury." See City of Wichita Falls v. Chandler, 348 S.W.2d 48.

It is our duty, under Rule 434, Texas Rules of Civil Procedure, to examine the whole record to determine if the error of the trial court in the admission of this evidence amounted to such a denial of the rights of plaintiffs as was reasonably calculated to cause and did cause the rendition of an improper judgment in the cause. Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277; Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379; Calvert, The Doctrine of Harmless Error in Texas, 31 Texas Law Review 1.

■ The determination of whether this error is prejudicial or harmless, under the above test, presents a most difficult question under this record. The error occurred on a crucial matter, as it relates to the amount of compensation Mrs. Marange received for a previous neck injury. On the other hand, there is no showing that this settlement was ever alluded to by anyone or played any further part in this trial other than the brief questioning of Mr. and Mrs. Marange. The crucial issue in this case was the credibility of the medical witnesses. If the jury believed the testimony of plaintiffs' doctors, that Mrs. Marange had suffered a ruptured cervical disc and that major surgery would be required to repair this injury, there would be no connection between the amount of damages to be awarded in this case and the prior settlement. The prior settlement has no relationship to the credibility of plaintiffs or their medical witnesses. It is our opinion, from an examination of the entire record, that the error was harmless.

■ Plaintiffs next complain of the admission into evidence, that Mrs. Marange had filed lawsuits over the 1958 accident as well as over the death of her daughter in 1961. There is no complaint over the introduction of evidence relating to these two events, but only of the filing of lawsuits. Plaintiffs asserted that the injury sustained in 1958 was aggravated, and testimony was offered by plaintiffs and defendant showing the effects of the 1958 injury, as well as the effect on Mrs. Marange's nervous system of the accidental death of her daughter in a different accident, about six weeks after the July, 1961, accident.

Both parties recognize the rule to be as set forth in 23 Tex.Jur.2d, § 187, that: "Ordinarily, evidence of other acts or transactions between third parties or strangers to the cause, or evidence of other transactions between one of the parties to the cause and a stranger is inadmissible." Defendant asserts that this rule has no application here, as Mrs. Marange's mental condition was a vital issue in the trial, and it was shown by medical evidence that the above matters played a part in her mental condition. Plaintiffs introduced the testimony of Dr. Constant, a neurologist and psychiatrist, who testified that Mrs. Marange showed a history of emotional disturbances, and he diagnosed a part of her disability as resulting from depression over her condition. Defendant offered medical

evidence that this emotional condition was caused by worry over other matters, including these two lawsuits.

It is our opinion that under the allegations and evidence in this case, this evidence was admissible. In Texas Employers' Ins. Ass'n v. Thames, Tex.Civ.App., 236 S.W.2d 203, writ refused, where plaintiff was asserting injury to his nervous system, the court held that it was reversible error to exclude evidence that plaintiff's eighteen-year-old son had caused the nervous condition by committing a crime. See Commercial Standard Insurance Co. v. Robinson, 137 Tex. 184, 151 S.W.2d 795; King v. Moberley, Tex.Civ.App., 301 S.W.2d 202.

 The defendant called as a witness a doctor who had treated Mrs. Marange from 1947 through 1960, and plaintiffs urge that his testimony of her complaints was too remote and in part based on hearsay. This doctor operated a clinic and testified from the records of the clinic. Most of the entries were made by the witness personally, but some were made by other doctors associated with him in the clinic. These business records were admissible under Art. 3737e, Vernon's Ann.Civ.Stats. The testimony related primarily to complaints leading up to and following a low-back operation in 1950. There was no connection shown with this condition and Mrs. Marange's injury to the cervical vertabrae in 1961. However, no error is shown in the admission of this immaterial evidence, as Mrs. Marange testified, without objection, to the operation in 1950 and her treatment by this doctor from 1947 through 1960.

In view of the conflicting medical evidence, we cannot say that the amount of damages awarded by the jury was manifestly too small or contrary to the overwhelming preponderance of the evidence. The necessity for future medical treatment, as well as the amount of expense necessary as a result of Mrs. Marange's injuries, as distinguished from unrelated conditions, was a disputed issue. There is no showing that

the jury abused their discretion in determining the amount of damages to be awarded.

Plaintiffs' complaint that defensive issues were improperly submitted does not demonstrate prejudicial error, in view of the fact that all these issues were answered favorably to plaintiffs. There is no prejudice shown in the issues alone.

Plaintiffs have failed to demonstrate prejudicial error by any of their assigned points, either individually or by the cumulative effect of all errors. The judgment of the trial court is affirmed.