**Grady GOODPASTURE et al., Appellants,**

v.

**COASTAL INDUSTRIAL WATER AUTHORITY, Appellee.**

**No. 16012.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 1, 1973.

Rehearing Denied Feb. 22, 1973.

Prappas, Caldwell & Moncure, Brantly Harris, Houston, William R. Powell, Houston, of counsel, for appellant.

Fred Spence, Houston, for appellee.

PEDEN, Justice.

Eminent domain proceeding. Appellants' primary complaints on appeal are based on the denial by the trial judge of their motion to consolidate this cause with one brought to condemn an adjoining tract.

The appellee says that the appellant has failed to preserve for appellate review the error, if any, of the trial court in denying the motion to consolidate.

Our case bore cause number 172,886 in the trial court. The condemnees included Goodpasture, Inc., Grady Goodpasture and Molly Goodpasture. The entire tract of 86.96 acres was taken by the condemnor.

A motion was filed by Goodpasture, Inc., the condemnee in cause number 172,888, to consolidate that cause with No. 172,886, stating as follows:

### I.

"The cause of action in this present suit is as shown by the pleadings, an action in Eminent Domain, and the cause of action in the cause of Coastal Industrial Water Authority vs. Grady Goodpasture et al, No. 172,886, is as shown by the pleadings therein, also an action in Eminent Domain, and such causes of action may be properly and legally joined.

### II.

"Such actions are by the same Plaintiff, Coastal Industrial Water Authority against several Defendants, the former being against Goodpasture, Inc., and the latter against Grady Goodpasture and Wife, Molly Goodpasture; Houston Bank & Trust, Independent Co-Executor and Trustee under the Will and the Estate of Bessie M. West, Deceased and Frank M. West, Independent Co-Executor and Advisor to the Trustee under the Will and the Estate of Bessie M. West, Deceased; Goodpasture, Inc.; Nowlin Randolph and Wife, Marjorie M. Randolph, all of whom may be properly and legally joined in one suit because Goodpasture, Inc., and Grady Goodpasture are one in the same for all practical purposes; Houston Bank & Trust Company and Frank M. West are Independent Co-Executors under the Will of Bessie M. West being the Grantor by general warranty deed dated September 28, 1968 selling the subject tract to Grady Goodpasture, Grantee; and Nowlin Randolph and Wife, Marjorie M. Randolph are owners of an access easement over the subject property to property owned by the Randolphs which is also the subject of condemnation in another proceeding by the same Plaintiff herein.

### III.

"Such actions involve common questions of law and fact as to the defects in this proceedings and condemnation as well as the amount of damages to which the parties are entitled and should be consolidated because justice can be more economically and conveniently served by reducing the matter to trial of one law suit.

"Premises considered, the Defendant, Goodpasture, Inc., prays that such actions be consolidated for trial."

On August 8, 1969 the trial judge entered an order reciting that after examining all papers in the cause and inquiring of respective counsel as to all facets of the case, he overruled the motion to consolidate. The condemnees thereafter withdrew the special commissioners' awards in both cases. Goodpasture, Inc., later filed a motion for a joint trial of the two causes, alleging no reasons other than those stated in its motion to consolidate. The trial

court heard that motion and denied it in May of 1971.

The instant case went to trial on December 8, 1971, and on February 8, 1972 a judgment was entered. (It was later amended, but that is of no moment here). Also on February 8, Grady Goodpasture and Goodpasture, Inc., filed this instrument:

## "BILL OF EXCEPTIONS

"Be it remembered that upon the 7th day of December, 1971, before trial of the above captioned and numbered cause, at a pretrial hearing called by the Court to consider motions the Defendant, Grady Goodpasture and Goodpasture, Inc. moved the Court to consolidate this cause with Cause No. 172,888 styled 'Coastal Industrial Water Authority vs. Goodpasture, Inc.' pending in this Court.

"It was pointed out to the Court that Grady Goodpasture held record title to the subject property as nominee for Goodpasture, Inc., and that Grady Goodpasture owned more than 95% of the stock of Goodpasture, Inc. and the tracts should be considered as a single tract for condemnation purposes; it was further urged that the condemnor was splitting its causes of action to the prejudice of Defendants in that the value of said land would be substantially less when considered as two tracts instead of one, and that the river frontage would be reduced from in excess of 3,000' to about 800'. That both causes involve a whole taking.

"The Court after hearing argument of counsel overruled Defendants' plea to consolidate said causes, and ordered the parties to proceed to trial in this cause. Whereupon the Defendants' excepted to the action of the Court in refusing to consolidate and now brings this their bill of exception in said cause and asks that the same be allowed, approved and ordered filed as part of the record herein."

It was signed by the attorney for Grady Goodpasture and Goodpasture, Inc. but not by opposing counsel. The trial judge struck out the words: "allowed, approved and", leaving the words "ordered filed as part of the record herein. February 8, 1972" above his signature.

■ A bill of exceptions that is not approved by either the trial judge or opposing counsel, and is not a bystanders' bill, presents nothing for appellate review. Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689 (Tex.1934); Dyches v. Ellis, 199 S. W.2d 694 (Tex.Civ.App.1947, no writ); Pelton v. Cooke, 209 S.W.2d 398 (Tex. Civ.App.1948, writ ref. n.r.e.).

■ There is no official record before us of what happened at the hearing on appellants' proffered bill of exception, so we cannot say that the trial judge failed or refused to suggest any correction in the proffered bill. Flora v. Scott, 398 S.W.2d 627 (Tex.Civ.App.1965, writ ref. n.r.e.); Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46 (1958).

■ The record does not show that before trial on the merits was begun in this case the appellants raised the point which they now present, that unless the two causes are consolidated they would be unfairly deprived of the fair market value of each of the two tracts. The trial court did not abuse its discretion in denying the motions to consolidate and to try the cases jointly if the only basis then urged was that justice can be more economically and conveniently served by reducing the matter to trial of one law suit. Rule 174, Texas Rules of Civil Procedure.

Appellants point out that during the trial of this cause their attorney made the following statement outside the presence and hearing of the jury:

"May the record reflect that the testimony that is to be offered now is for the purpose of making a Bill of Exceptions. The Court having previously ruled that it would not hear testimony bearing on

any damages to the remainders of the subject property and particularly as I understood owned by Goodpasture, Inc., which we have contended not being a part of the total taking and the instant actions should be considered for purposes of the remainder and the Court having indicated in a pretrial hearing that it would not hear such testimony indicated that he would let us or permit us to make a Bill of Exceptions when we finished with our expert witness and for that limited purpose alone we offer the following testimony."

Appellants then offered evidence for use with their bill of exceptions concerning the 86.96 acres taken by the condemnor in this case and the 47.02 acres which were the subject matter of cause number 172,888 as to unity of their ownership and as to their adaptability for use together in their highest and best use.

Evidence was admitted before the jury that the market value of each of the two tracts would be greater if they were considered together rather than as two separate tracts.

Had the cases been consolidated there would have been no basis for assessing damages to any remainder; there would have been none. All of the condemnees' land was being taken in the two suits which they sought to consolidate. We overrule the appellants' first two points.

The appellants' third, fourth, fifth and sixth points of error complain of the exclusion of evidence concerning the use and value of the subject tract when considered with the adjoining (47.02 acre) tract and in the refusal of the appellants' proffered special issues concerning the market value of the adjoining tract immediately before and immediately after the taking of the subject tract.

In the instant case there was a taking of the entire 86.96 acre tract described in the condemnor's statement. Unless it be shown that the trial court erred in failing to consolidate causes 172,886 and 172,888 or to grant a joint trial, there could be no error in excluding evidence or issues as to the use or value of the adjoining tract or of the two tracts considered together, so our previous holding is dispositive of the appellants' third through sixth points.

The appellants' seventh point complains that the trial judge commented on the weight of the evidence during cross-examination of the condemnor's expert witness when he stated:

"We are repeating ourselves. We have heard this at least four times that this particular industry, whatever it is, have gone back and forth across these streets and have been using it for 20 years. What is the next question?"

This remark was made while appellants' counsel was cross-examining the condemnor's value expert about his testimony that a recent sale of nearby land was a sale of comparable property and that the price paid per acre was based on the inclusion of dedicated streets in an old township plat because some of the land where the plat showed the streets to be had been used as building sites by the landowners and as a roadbed for their marine rail lines for 25 or 30 years and they are now using the streets as if they are dedicated and not closed.

The appellants did not object to the trial judge's remark, did not ask that it be withdrawn and did not move for a mistrial. The thrust of the judge's remark was that the questioning at that point was repetitious, which it was. Such use of the platted and dedicated streets was not disputed. We have examined the entire record in this case and we consider that the harm, if any, in the trial judge's remark could have been cured by an appropriate instruction. See State v. Wilemon, 393 S.W.2d 816 (Tex.1965).

Appellants' last point of error is that the trial court erred in overruling Defendants' challenge for cause during the

voir dire examination of the jury panel of Mrs. Jimmy Reid, thereby forcing the Defendant to exercise a peremptory challenge on Mrs. Reid, resulting in the seating of an objectionable juror who would have been struck from the list had the Defendant not been forced to exercise its strike on Mrs. Reid.

The statement of facts does not contain a record of the voir dire examination of the prospective jurors. Appellants ask us to consider a statement dictated into the record by counsel on behalf of appellants for the purpose of making a bill of exception as to what occurred during the interrogation of the jury panel, alleging that the City of Houston is a party to this suit and that the trial judge erred in refusing to strike prospective juror Mrs. Reid's name from the panel for cause in that Mrs. Reid is employed by the City of Houston.

Appellants stated that they were not asking for a mistrial. Counsel for Coastal Industrial Water Authority denied that Mrs. Reid is one of its employees.

We overrule this point. The City of Houston is not named as a party to this suit. The allegations of the appellants as to the events which occurred during voir dire examination of the prospective jurors do not present reversible error.

Our Supreme Court has held that an employee of one of the parties to a suit is disqualified to serve as a juror in the trial of that suit. Preston v. Ohio Oil Co., 121 S.W.2d 1039 (Tex.Civ.App.1938, writ ref.).

Appellants cite Vernon's Ann.Civ.St. Art. 8280–355, Sec. 5(a), as authority for their statement that Coastal Industrial Water Authority is controlled by the City of Houston and its Mayor. That article provides that management and control of the Authority is vested in a board of seven directors, four of which shall be appointed by Houston's Mayor. The other three are to be appointed by the Governor of Texas, and one shall be a resident of Chambers County, one a resident of Liberty County and the other, of Harris County.

Additionally, appellants point out that appellee's attorney is an employee of the City of Houston. We cannot say that these facts disqualified Mrs. Reid as a juror. They do not show that she was an employee of the City of Houston, nor do they bring her within the pertinent provisions of Article 2134, Vernon's Texas Civil Statutes:

"The following persons shall be disqualified to serve as jurors in any particular case:

" . . . .

"2. Any person interested, directly or indirectly, in the subject matter of the suit.

" . . . .

"4. Any person who has a bias or prejudice in favor of or against either of the parties."

The judgment of the trial court is affirmed.