Tracy L. McCRAW and Lena J. Wiggins,
as Independent Executrix of the Estate
of Donna Ann Maris, Deceased, and as
Next Friend of Kristina N. McCraw, a
Minor Child, Appellants,

v.

Jimmie L. MARIS, Appellee.

No. 05–89–0544–CV.

Court of Appeals of Texas,
Dallas.

March 12, 1990.

Joe D. Gregory, Grapevine, Gary Sibley, Dallas, for appellants.

David S. Stubblefield, Dallas, for appellee.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION

HOWELL, Justice.

Tracy L. McCraw and Lena J. Wiggins appeal from a judgment rendered against them and in favor of Jimmie L. Maris. In one point of error, McCraw and Wiggins contend that the trial court erred when it refused to allow payment of a jury fee prior to trial. In seven other points of error, they argue that the trial court erred in making a number of evidentiary rulings. In one cross-point, Maris argues that the trial court erred by failing to award attorney's fees to him in the event of an appeal. In a second cross-point, he requests damages for the taking of an appeal for delay and without sufficient cause. We overrule all points of error and both cross-points,

and we affirm the judgment of the trial court.

McCraw and Wiggins filed this declaratory judgment action to determine who was entitled to the proceeds of a Federal Employee's Group Life Insurance (FEGLI) policy held by Donna Ann Maris, the deceased and former employee of the United States Department of Labor. McCraw is the son of the deceased. Wiggins filed suit as the independent executrix of the deceased's estate and as next friend of Kristina N. McCraw, the minor daughter of the deceased. Jimmie Maris is the surviving spouse of the deceased. McCraw and Wiggins sought a declaration that the surviving children of the deceased were entitled to the proceeds of the life insurance policy. Maris argued that he was entitled to the proceeds as the surviving spouse of the deceased. The trial court rendered judgment in Maris's favor.

■ In their first point of error, McCraw and Wiggins assert that the trial court erred when it refused to allow payment of a jury fee prior to trial when the case was set on the jury docket. However, the record does not show that the trial court did in fact refuse to allow payment of a jury fee prior to trial. In support of their contentions, McCraw and Wiggins rely on a purported bill of exception found in the transcript. However, this document does not bear the signature of the trial judge, and there is no indication that it was approved by the trial judge or opposing counsel. It is not a bystanders' bill. Under these circumstances, the purported bill is not in compliance with the governing provisions of rule 52(c) of the rules of appellate procedure. *See* TEX.R.APP.P. 52(c). It therefore presents nothing for appellate review, and we do not consider it. *See Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275 (Tex.App.—Amarillo 1988, writ denied); *Thomas v. Oil & Gas Bldg., Inc.*, 582 S.W.2d 873, 877 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Goodpasture v. Coastal Indus. Water Auth.*, 490 S.W.2d 883, 885 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Moreover, the appellate record is such that

we cannot say that the trial judge failed or refused to follow the procedures set forth in the applicable rule. *See Goodpasture*, 490 S.W.2d at 885; TEX.R.APP.P. 52(c). We overrule the first point of error.

As to McCraw's and Wiggins's evidentiary complaints, exposition of the governing substantive law is helpful. Entitlement to the FEGLI policy proceeds is governed by the following federal statutory provision:

(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee.

5 U.S.C.A. § 8705(a) (West 1967 & Supp. 1989).

The employing office (the United States Department of Labor) has no record of the filing of a beneficiary designation by the deceased employee. Maris is the widower of the deceased. McCraw and Wiggins attempted to establish at trial that the deceased had filed the appropriate form with the employing office designating her two children as beneficiaries. They further sought to prove that this beneficiary designation was subsequently lost by the Department of Labor. In their points of error complaining of evidentiary rulings, McCraw and Wiggins basically assert that they were erroneously prevented from using competent circumstantial evidence to prove the above allegations.

In their second point of error, McCraw and Wiggins contend that the trial court erred in excluding evidence to the effect that the employing office had lost other

beneficiary designation forms. They argue in their third point of error that the trial court erred in excluding evidence of the competency of personnel in the employing office. Both parties have argued these issues in the context of the admissibility of similar events and transactions.[1]

■ Although not specifically addressed by the rules of evidence, the admissibility of similar happenings or transactions can be properly analyzed using the rules on relevancy. *See* 33 S. GOODE, O. WELLBORN, & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 401.6, at 73–74 (hereinafter GOODE, WELLBORN, & SHARLOT); C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5170, at 116–18 (1978); Blakely, *Article IV: Relevancy and its Limits,* 20 HOUS. L.REV. 151, 173–75 (1983) (hereinafter Blakely). Evidence of similar happenings and transactions will almost always be probative of some issue of consequence to the resolution of the litigation. Therefore, such evidence will be relevant and generally admissible. *See* TEX.R.CIV.EVID. 401, 402; GOODE, WELLBORN, & SHARLOT § 401.6, at 74; Blakely at 174. However, the trial court, exercising its discretion, may exclude relevant evidence if its probative value is substantially outweighed by certain specified countervailing factors, such as unfair prejudice or confusion of the issues. *See* TEX.R.CIV.EVID. 403; GOODE, WELLBORN, & SHARLOT § 401.6, at 74; Blakely at 174; *see also Luvual v. Henke & Pillot,* 366 S.W.2d 831, 838 (Tex.Civ.App.—Houston [1st Dist.] 1963, writ ref'd n.r.e.) (trial judge has considerable discretion in determining admissibility of evidence).

McCraw and Wiggins tried to introduce the testimony of four witnesses who would have stated that the employing office had lost their beneficiary designation forms. The trial court excluded this evidence. Since McCraw and Wiggins had pleaded

that the employing office had lost the deceased's form, the evidence of similar happenings would have some probative value regarding determination of that factual issue and would therefore be relevant. *See* TEX.R.CIV.EVID. 401. Unless the probative value of such evidence was substantially outweighed by an enumerated countervailing factor (as determined by the trial court in the exercise of its discretion), the evidence was admissible. *See* TEX.R.CIV.EVID. 402, 403. Traditionally, evidence of similar events or transactions, or of acts or transactions involving third parties, was generally inadmissible. *See Marange v. Lew Williams Chevrolet, Inc.,* 371 S.W.2d 900, 903 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); *Brinkley v. Liberty Mut. Ins. Co.,* 331 S.W.2d 423, 424 (Tex.Civ.App.—Texarkana 1959, no writ); *Missouri–Kansas–Texas R.R. v. Crouch,* 273 S.W.2d 466, 469 (Tex.Civ.App.—Fort Worth 1954, no writ); 35 TEX.JUR.3d *Evidence* §§ 188, 189 (1984). However, even prior to the advent of the current rules of evidence, there were a number of exceptions to the general rule. *See Brinkley,* 331 S.W.2d at 424; GOODE, WELLBORN, & SHARLOT § 401.6, at 74–79; 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL §§ 1522–27 (Texas Practice 3d ed. 1980); 35 TEX.JUR.3d *Evidence* 188–94, 197 (1984); Blakely at 175–84. Thus, for example, it was held that, under some circumstances, evidence that certain events happened at other times was generally admissible to prove that a similar event could have happened. *See Crouch,* 273 S.W.2d at 469.

■ We have decided that the applicable rules of evidence should be applied to the resolution of McCraw's and Wiggins's second and third points of error. We determine that the evidence of the four witnesses to the effect that the employing office had lost the beneficiary designation forms filed by them was relevant. Such evidence

---

1. The parties have used the phrase "res inter alios acta" in their arguments, but we choose to refer simply to similar acts, happenings, events, or transactions, since both the Latin phrase and its underlying assumptions have been justifiably criticized. *See* 33 S. GOODE, O. WELLBORN, & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 401.6, at 76 n. 19 (Texas Practice 1988); 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1523 (Texas Practice 3d ed. 1980); 22 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5170, at 113–14 (1978); Blakely, *Article IV: Relevancy and its Limits,* 20 HOUS. L.REV. 151, 175–76 (1983).

had a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* TEX.R.CIV.EVID. 401. As previously noted, the issue of whether the employing office had received and then lost the deceased's designation form was certainly a consequential issue in the instant lawsuit. Certainly, evidence that the office never lost such forms (or always lost such forms) would be highly probative concerning the issue of whether the office lost the deceased's form. Similarly, evidence that the employing office seldom lost (or often lost) beneficiary designation forms would also be probative regarding the allegation of loss in this case, although it would obviously be somewhat less probative than the evidence described in the previous example. In our view, the offered testimony (that some forms had been lost) had some probative value (however slight) in this regard. Therefore, the excluded testimony was generally admissible except as otherwise provided by law. *See* TEX.R.CIV.EVID. 402. However, evidence that forms had been lost by the office in which they were allegedly filed necessarily requires proof that the forms were absent from the appropriate files. Such evidence of the absence of records or entries is apparently a form of hearsay, since the rules of evidence provide that proof of the absence of certain records may be elicited as exceptions to the general hearsay rule. *See* TEX.R.CIV.EVID. 803(7), 803(10); *see also* 1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1259, at 432 (Texas Practice 3d ed. 1980). Since the evidence offered by McCraw and Wiggins has not been shown to meet the applicable requirements of rules 803(7) or 803(10), it was not admissible as otherwise provided by law. *See* TEX.R.CIV.EVID. 402.

■ Furthermore, there was no attempt to show the ratio of the allegedly lost forms to the total number of forms that were not lost or on file. In other words, no evidentiary basis was provided to allow determination of the relative frequency or infrequency of the loss of forms by the employing office. In the absence of such a showing, we cannot say that the trial court

would have abused its discretion in determining that the offered evidence had scant probative value. Also, the evidence that others' forms had been lost was prejudicial to Maris because it tended to prove that the deceased's form might have been lost by the employing office. In the absence of some showing of the relationship between the number of forms lost and those not lost, the trial court could have determined that there was a danger that the offered evidence would be unfairly prejudicial to Maris. Under these circumstances, we conclude that the trial court would have been justified in finding that the probative value of the excluded testimony was substantially outweighed by the danger of unfair prejudice. *See* TEX.R.CIV.EVID. 403. In other words, such a determination would not constitute an abuse of discretion.

Because the excluded evidence was inadmissible under rules 803(7), 803(10), and 402, and because the trial court would have been justified in determining that the danger of unfair prejudice substantially outweighed the probative value of the offered evidence, we overrule the second and third points of error.

In their fourth point of error, McCraw and Wiggins contend that the trial court erred by excluding evidence of the habit of the deceased regarding the completion of forms in handwriting before typing such forms. However, the record shows that this evidence was not excluded. The fourth point is therefore without merit, and we overrule it.

■ McCraw and Wiggins maintain in their fifth point of error that the trial court erred in excluding a duplicate beneficiary form that was identified as being in the handwriting of the deceased. They contend that the document was admissible under rule 803(15). *See* TEX.R.CIV.EVID. 803(15). Unlike rule 803(14), which deals with recorded documents affecting an interest in property, rule 803(15) allows admission of *statements contained within* unrecorded documents purporting to affect an interest in property. *See id.;* TEX.R.CIV. EVID. 803(14); GOODE, WELLBORN, & SHARLOT

§§ 803.19, 803.20. Although rule 803(15) was referred to at trial, a statement contained within the handwritten form was never offered into evidence; only the entire form was offered. Furthermore, the offered document did not purport to affect an interest in property because a beneficiary designation not properly executed and filed has no force or effect under the applicable substantive law. *See* 5 U.S.C.A. § 8705(a). The offered form was not witnessed and had not been filed. Thus, because it was not admissible under either rule 803(14) or rule 803(15), the trial court properly excluded the handwritten form. We overrule the fifth point of error.

■ In their sixth point of error, McCraw and Wiggins argue that the trial court erred by excluding evidence of the deceased's present intent. *See* Tex.R.Civ. Evid. 803(3). McCraw and Wiggins attempted to produce evidence that the deceased's intent just prior to her death was the same as her intent at the time she had a beneficiary designation form witnessed. The evidence was offered to prove that the deceased had not changed her mind and withdrawn the form that was allegedly filed and lost. However, under controlling federal law, the decedent's intent is irrelevant. By adding the language providing that "a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect," Congress intended to overrule the line of cases that had allowed consideration of the insured's manifest intention. *Metropolitan Life Ins. Co. v. Manning*, 568 F.2d 922, 925–26 (2d Cir.1977); *see Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 121–22 (6th Cir.1982). Congress acted in the interests of administrative convenience, seeking to avoid administrative difficulties and delays in the payment of insurance benefits to survivors of federal employees. *See* S.Rep. No. 1064, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2070, 2071; *Manning*, 568 F.2d at 926. Based on the expressed intention of Congress, we hold that the evidence offered by McCraw and Wiggins was rendered irrelevant by controlling federal law. *See Mitchell v. Mitchell*, 448 S.W.2d 807 *passim* (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.) (implicitly acknowledging the controlling nature of federal law in this area). The evidence was therefore inadmissible. *See* Tex.R.Civ.Evid. 402. We overrule the sixth point of error.

In point of error seven, McCraw and Wiggins contend that the trial court erred by refusing to allow them to impeach a witness called by them. *See* Tex.R.Civ. Evid. 607. In their eighth point of error, they maintain that the trial court erred in refusing to consider the same witness's testimony to the effect that he had witnessed a life insurance beneficiary designation form for the deceased. However, our reading of the record reveals that McCraw and Wiggins eventually managed to get the initially excluded evidence in without objection. The specific evidence at issue involved the testimony of a witness named Charles Downs. He initially testified that he had witnessed and signed only one form designating a beneficiary for unpaid compensation. For purposes of a bill of exception, Downs testified, after reviewing an affidavit that he had previously executed, that he had also witnessed and signed a federal life insurance beneficiary designation form for the deceased. *After* the perfection of this bill, the following exchange took place between Downs and the attorney for McCraw and Wiggins:

Q ... Mr. Downs, did you ever see [the deceased's] name affixed to a federal government life insurance beneficiary designation form?

A She had signed—If I remember correctly, she had signed her name before I could witness the signature.

Q Do you recall someone else being there in addition to yourself at the time you saw her name signed to a beneficiary designation form?

A I believe Perkins—If I remember correctly, Perkins and I signed it approximately about the same time.

Q Now, do you recall who that form designated as beneficiary?

A Yes, I do.

Q Who?

A  Her two kids.

....

Q  Now, you just got through testifying about your witnessing a life insurance beneficiary designation; —

A  Right.

Q  —do you recall whether or not it was at the same time this [designation of beneficiary regarding unpaid compensation] was executed or at another time?

A  No; it was at the same time. I only signed one time, witnessed one time.

Q  Witnessed one time one form?

A  No; there were two forms—well, the life insurance and some other document that she had.

This testimony was elicited without objection. In our view, this testimony was the same testimony that was previously excluded after being objected to. Therefore, the evidence was not in fact excluded because it was ultimately admitted without objection. We therefore overrule the seventh and eighth points of error.

Maris raises two complaints by way of cross-points. In his first cross-point, he contends that the trial court erred in refusing to award attorney's fees to him in the event of an appeal. However, the record reveals that Maris never complained to the trial court about this alleged error, either in a motion for new trial or in any other postjudgment motion. Therefore, since Maris never gave the trial court the opportunity to correct the alleged error which he raises for the first time on appeal, nothing was preserved for appellate review. *See* TEX.R.APP.P. 52(a). We overrule the first cross-point.

In his second cross-point, Maris argues that this Court should award damages to him pursuant to rule 84 of the rules of appellate procedure. The rule provides that if we determine that an appellant has appealed for purposes of delay and without sufficient cause, we may award each prevailing appellee an amount up to ten percent of the damages awarded below to the appellee. If no amount was awarded as money damages, we may award each prevailing appellee an amount not to exceed ten times the total taxable costs. *See* TEX.

R.APP.P. 84. We are not persuaded that this appeal was taken for purposes of delay or without sufficient cause. The rule providing for damages for delay should be applied with prudence, caution, and after careful deliberation. *Loyd Elec. Co. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ). The right of appellate review will not be penalized in the absence of a showing that the appellant had no reasonable ground to believe that the judgment would be reversed. *St. Louis Southwestern Ry. v. Marks*, 749 S.W.2d 911, 915 (Tex.App.—Texarkana 1988, writ denied). In determining whether an appeal was taken for purposes of delay and without sufficient cause, we must review the record from the point of view of the advocate and ascertain whether he had reasonable grounds to believe that the case would be reversed. *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ). We cannot say that McCraw and Wiggins had no reasonable basis for believing that the judgment would be reversed. Moreover, we do not find that this appeal was taken for purposes of delay. We overrule the second cross-point.

We affirm the judgment of the trial court.